Richard Lucado, Appellant, v. Virginia Lucado, Appellee.

Gen. No. 46,087.

Opinion filed March 8, 1954. Rehearing denied March 24, 1954. Released for publication March 24, 1954.

JOSEPH E. FITZGERALD, of Chicago, for appellant; FREDERICK J. BERTRAM, of Chicago, of counsel.

McCarthy, Witry, Lyon & McCarthy, of Chicago, for appellee; George R. Lyon, of Chicago, of counsel.

Mr. Justice Friend delivered the opinion of the court.

Richard and Virginia Lucado were married August 25, 1940, and on April 25, 1943 their only child, Barbara, was born. On December 6, 1946 a decree of divorce was entered in favor of the plaintiff husband on the ground of desertion, and by stipulation he was given the care, custody and control of Barbara. The divorce was uncontested. On September 18, 1952 defendant filed a petition praying for the entry of an order granting her the care and custody of the minor child; plaintiff answered the petition. Subsequently, by agreement of the parties, the court ordered an investigation by the Cook County Department of Welfare, which submitted its report to the court. The chancellor also heard evidence and interrogated Barbara before entering his decree allowing the petition and awarding custody of the child to the mother, the defendant, from which action plaintiff appeals.

No stenographic report of the trial proceedings was made, but the parties agreed that the following evidence should be considered by the chancellor in reaching his conclusion. Defendant is remarried, resides with her husband in a home at Orland, Illinois, is employed as a secretary by United Air Lines in Chicago, and no child or children have been born to her as the result of her second marriage. Plaintiff also remarried, is the father of two children by his second marriage, is separated from his second wife, and now lives alone in a small apartment in Chicago. Barbara resides with plaintiff's father and stepmother in the State of Michigan in a town approximately eighty-five miles from Chicago. Defendant has financial means to maintain

549

the minor child as well as adequate accommodations in her home, and stated to the court that if her petition were allowed she would discontinue her employment at the United Air Lines office; she also stated that she would not ask for any allowance for maintenance and support of the child, but would defray the child's expenses out of her own funds and on her own responsibility.

During her interrogation by the chancellor, Barbara indicated that she would follow and be guided by the court's discretion as to her custody. In entering the decree the chancellor stated that, having heard the evidence and read the report of the Department of Welfare, as well as having questioned Barbara and observed the attitude and demeanor of all the parties concerned, he believed that it would serve the best interests of the minor child for her to be given to her mother; he pointed out too, that there was nothing in the record which showed that at any time defendant was an unfit person, and that no evidence was introduced indicating that she was in any way disqualified from assuming her duty as a parent.

 The parties agree upon the fundamental rule that where the custody of a child is concerned, the question of primary importance is the preservation of the best interests of the minor, and the court evidently followed this rule in making the award. Plaintiff states that he was entitled to be heard as to the merits of the questions raised by the petition and the answers thereto, and argues that he was not afforded proper opportunity to offer evidence in his behalf. The record shows that he was represented at the hearing by an attorney, who was succeeded after the decision of the trial court by his present counsel, and there is nothing to indicate that he was denied the opportunity to offer any evidence he cared to present. Nothing to the contrary

appearing in the record, we must assume that the hearing was fairly conducted.

██ ██ As further ground for reversal it is urged that the chancellor erred in basing the custodial order upon the report of an investigator appointed by him and upon his private conversation with the minor child. The decision of the chancellor was not a hurried one. After the petition was filed plaintiff filed his answer; the matter was then set for hearing, continued for an investigation by agreement of the parties, and after numerous continuances was fully heard on December 15, 1952, some three months after the petition was filed. The interrogation of the minor child was only one of the circumstances which induced the chancellor to award her custody to her mother. His decision is amply sustained by the evidence, aside from the interrogation and the report of the Department of Welfare. Plaintiff has no adequate accommodations for Barbara; in fact she lives with his father and stepmother in Michigan, and he goes there to see her week ends. On the other hand, defendant, who is the mother of the minor, lives with her second husband, has satisfactory accommodations for the minor, and is willing to relinquish her position in order to care for the child. The choice, actually, is between the minor's mother, and her paternal grandfather and his wife. Since the mother is a fit person, there can be no question but that the child's interests will be better served if she is cared for by her mother rather than by an older and less closely related couple.

We find no convincing reason for reversing the decree of the court awarding the custody of Barbara to her mother, and it is therefore affirmed.

*Decree affirmed.*

NIEMEYER, P. J. and BURKE, J., concur.