JANICE K. MASON, n/k/a Janice K. Hoffa, Plaintiff-Appellant, *v.* GARY L. MASON, Defendant-Appellee.

Fourth District   No. 13588

Opinion filed June 20, 1977.

Flynn & Flynn, of Jacksonville (Leo F. Carroll, of counsel), for appellant.

Knuppel, Grosboll, Becker & Tice, of Petersburg (Eldon H. Becker, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from an order of the circuit court of Cass County denying Janice Mason's petition requesting that she be awarded the custody of her minor son.

Plaintiff and the defendant, Gary Mason, were granted a judgment of divorce in 1969. Custody of the two minor children of the marriage, a boy and a girl, was awarded to plaintiff. During a default proceeding in 1970, the defendant was awarded custody of both children. No appeal was taken from the order entered in that proceeding. This order was later modified in July 1972, so that the defendant retained custody of the minor son and the plaintiff reobtained custody of the minor daughter. In 1975 plaintiff petitioned the court to change the custody of the minor son from the defendant to herself, but the trial court denied her petition. It is from this denial that plaintiff appeals.

During the hearing conducted on plaintiff's petition, the evidence established that the plaintiff is now remarried to a career serviceman in the air force and presently resides in Florida with her husband on an air force base at Egland, Florida. Both plaintiff and her husband are working and receive a combined gross income of $1,200 per month, together with full medical coverage for themselves and their children, and free annual physicals and dental check-ups. During the day, children are cared for at one of the two base nurseries which have a full-time professional staff and a nurse is present during the daytime hours. Educational facilities also exist on the base. The plaintiff introduced evidence that the defendant's younger brother, age 13, did not get along well with her son and there had been fights between the two.

Defendant owns and operates a 426-acre farm from which he has

realized in former years a profit of $4,000 or $5,000 per year. In 1974, the last full year before the hearing, defendant sustained a loss of $12,000. Defendant's occupation requires the following workload: from January to March, eight hours a day; April to June, 14 hours a day in the field; July to December, eight hours a day in the field. Whenever school is not in session and defendant is working, defendant's mother cares for the child. After school days, the boy gets off the school bus at his grandmother's and eats dinner there. Defendant's rigorous schedule does not always permit him to be present with his son during dinner hours. On the weekends which the defendant works, the boy is cared for by the defendant's sister. Defendant conceded during his testimony that his son had complained to him about being hit by the defendant's 13-year-old brother.

In 1973 the defendant had psychiatric problems that required hospitalization, but defendant stated and the trial court found that these problems no longer affect the defendant. The minor son is doing well in school and no testimony was introduced to show that he lacks material necessities or is not happy in his present environment. Plaintiff testified that the boy always looked forward to his visits with his sister and was sad when he had to leave.

Based upon the foregoing, the trial court ruled that there was nothing to show that it was not in the child's best interests to remain in the custody of his father.

On appeal plaintiff maintains several arguments. First, she contends the decision of the trial court was against the manifest weight of the evidence. Second, she maintains that the 1970 order changing custody of the minor child to the defendant was erroneous and since it was erroneous, she is not now required to prove in these proceedings that a change of circumstance has occurred. In support of her position, plaintiff argues that the trial judge in the 1970 proceeding removed her son from her as punishment for leaving the jurisdiction (to Indiana) with both children without informing the court. Lastly, plaintiff argues that the trial judge improperly refused to consider or admit the transcripts of the 1970 and 1972 proceedings.

■■ The paramount concerns in any change of custody proceeding are the best interests and welfare of the child. (*Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300; *Randolph v. Dean*, 27 Ill. App. 3d 913, 327 N.E.2d 473.) Continuity in lifestyle and environment is important to a child's healthy and normal development, and while fluctuations in health, employment, or residence of the parents are relevant factors, they are not controlling unless they adversely affect the child's welfare. (See *Randolph v. Dean*, 27 Ill. App. 3d 913, 327 N.E.2d 473; *Maupin v. Maupin*, 339 Ill. App. 484, 90 N.E.2d 234.) A change of circumstances of only the noncustodial parent may be considered, but it is not alone sufficient to warrant a change of custody unless the child's welfare is affected. (*Rayburn v. Rayburn*, 45 Ill.

App. 3d 712, 360 N.E.2d 142.) The standard of review we must apply in child custody cases is whether there is an obvious abuse of discretion or the order is contrary to the manifest weight of the evidence. *Windhorn v. Windhorn*, 131 Ill. App. 2d 785, 264 N.E.2d 531.

■■ We find nothing in the record to indicate that the trial court abused its discretion in denying plaintiff's petition or that the judgment is against the manifest weight of the evidence. It is true that the custodial parent in this case suffered a financial setback for the year prior to the custodial hearing, but it is not uncommon for farmers to sustain occasional losses. It is not the parent but the child we must look to and we find nothing to indicate that the child in this case has suffered in any way as a result of his father's financial loss. The evidence regarding the problems between the defendant's son and the defendant's younger brother were factors weighing in favor of plaintiff's petition, but we do not believe these problems, alone or in conjunction with other facts on the record, require us to find an abuse of discretion.

Plaintiff relies on *Lucado v. Lucado*, 1 Ill. App. 2d 548, 118 N.E.2d 40, to support her position that a change of custody is warranted in this case. In *Lucado* the trial court allowed a change in custody of a minor child from a father who lived alone to a mother who had remarried and acquired the financial means to support the child. The evidence also established that the father did not have adequate accommodations for the child and the child resided with the father's father and stepmother. The trial court in *Lucado* granted the change of custody to the mother and the appellate court on review found that there was sufficient evidence to support the trial court's discretion. Although certain factual similarities exist between *Lucado* and here, it is sufficient to point out that the appellate court in *Lucado* did not hold that the evidence required a change of custody from the father to mother, but only that there was sufficient evidence to support the trial court's discretion. We therefore believe that *Lucado* does not dictate a decision different from the one we reach.

We may summarily dispose of plaintiff's allegation that the 1970 and 1972 judgments were erroneous and it was therefore unnecessary for plaintiff to show a change of circumstances had occurred before the trial court could grant plaintiff's petition. If any errors occurred in those proceedings, the proper time to challenge them was in an appeal taken immediately after the order, not in one taken years later and from a different proceeding.

■■ As concerns plaintiff's contention that the trial court committed error in refusing to consider the report of proceedings from the two previous hearings, we agree in part with plaintiff's argument. We believe portions of the 1972 report of proceedings were admissible for the

purpose of showing what particular circumstances existed in 1972 so that a court in 1975 could determine whether or not any material changes had occurred. However, neither the 1970 or 1972 reports of proceedings were admissible in 1975 to challenge the validity of the two earlier judgments. Generally speaking, a judgment of divorce is res judicata to facts existing at the time it is entered, but not to facts arising thereafter. (*Nye v. Nye,* 411 Ill. 408, 105 N.E.2d 300; *Golden v. Braunfeld;* 22 Ill. App. 3d 344, 317 N.E.2d 336.) We perceive no reason why the rule is or should be appreciably different if the immediately prior proceeding concerns a petition to change custody. Neither plaintiff nor defendant are permitted to relitigate facts established in the prior proceeding or to urge those facts in a subsequent proceeding as a reason to change custody of the child. However, before a court can determine whether any changes in circumstances have occurred in the time interval between the prior proceeding and the present one, it is first necessary to establish what state of affairs existed at the time of the prior proceeding. Any evidence which tends to prove what particular circumstances existed at the time of the prior proceeding is relevant, and as such evidence, the record in the prior proceeding, at least in so far as it relates to then existing circumstances, is admissible. In *Johnson v. Johnson,* 34 Ill. App. 3d 356, 340 N.E.2d 68, the court found that evidence of facts prior to a divorce were admissible in a subsequent change of custody proceeding so long as the proponent of that evidence lays a foundation which shows it is relevant to the change of circumstances being urged to justify a change of custody. The trial court should have admitted the relevant portions of the record from the 1972 hearing.

The difficulty with plaintiff's position in this regard is that while the judge improperly excluded relevant evidence as previously stated, other evidence was introduced to establish the state of affairs of both parties in 1972. Many of the facts elicited at trial were not disputed and upon an examination of the record, we do not believe the facts established could have been altered significantly by the admission of the relevant portions of the 1972 record. The trial judge heard sufficient facts to make a valid determination as to whether material changes had occurred since 1972 and we are not disposed to interfere with his judgment.

The difficulties presented to courts of review in cases such as this originate from the fact that both parents appear to be well qualified and fit to raise their children. If anything can be gleaned from prior case law, it is that the trial judge has the opportunity to observe the parties and is in the best position to evaluate the situation with a view to what is in the child's best interests. In cases such as this, the presumption in favor of the result reached by the trial court is always strong and compelling (*Marcus v. Marcus,* 24 Ill. App. 3d 401, 320 N.E.2d 581), and the record in this case

does not demonstrate an abuse of discretion by the trial court. Accordingly, the judgment of the circuit court of Cass County is affirmed.

Judgment affirmed.

STENGEL, P. J., and ALLOY, J., concur.