*In re* CUSTODY OF PAMELA McINTYRE *et al.*—(GAIL H. McINTYRE, Petitioner-Appellee, *v.* LINDA S. McINTYRE (HYRES), Respondent-Appellant.)

Third District    No. 80-596

Opinion filed June 29, 1981.

Dean L. Sutton and Dennis M. Buchmeyer, both of Prairie State Legal Services, Inc., of Rock Island, for appellant.

Marshall E. Douglas, of Jackson, Douglas & Schmidt, of East Moline, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

The parties in this action were divorced on December 10, 1976. The decree awarded the mother custody of the two minor children, Pamela (now age 7), and Gail Jr. (now age 5). This cause involves an appeal by the mother from an order transferring custody to the father.

On May 29, 1980, the father filed his petition in the circuit court of Henry County seeking a change of permanent custody to him. He alleged the mother's conduct threatened the physical, mental, and moral well-being of the children. An evidentiary hearing was held on July 24, 1980. The testimony of 10 witnesses, including the mother and father, was heard. An order was entered on September 9, 1980, transferring permanent custody from the mother to the father. The mother was granted visitation privileges on alternate weekends, provided that she is living in close proximity of the children. The court's order was based on a specific finding that the children's present environment with the mother is endangering seriously their moral and emotional health, and the harm likely to be caused by a change of their environment is outweighed by its advantages to the children. A post-trial motion to reconsider filed by the mother was denied. She now appeals to this court. The issues advanced are threefold: (1) whether the trial court's ruling is against the manifest weight of the evidence; (2) whether the trial court erred in considering evidence also considered at a hearing one year prior regarding summer custody; (3) whether the trial court erred by admitting into evidence statements allegedly made by the mother during a telephone conversation, allegedly recorded illegally, for purposes of impeachment.

■■ It is the law in Illinois that a change of custody will not be made unless new conditions are shown to have arisen since the time of the original custody judgment and such new conditions dictate that a modification of custody is necessary to serve the best interest of the child. (Ill. Rev. Stat. 1979, ch. 40, par. 610.) In custody cases, great discretion must be vested in the trial court because it has the superior opportunity to evaluate the evidence and determine the best interests of the child. The trial court's determination of custody change will be reversed only if it has clearly abused its discretion or if the decision is against the manifest weight of the evidence. *Cebrzynski v. Cebrzynski* (1978), 63 Ill. App. 3d 66.

Our scrutiny of the transcript makes it apparent that the trial court carefully considered the circumstances of each party from the standpoint of who would be best able to care for the needs of the two children in this cause.

■■ The evidence demonstrated a pattern of unstable, volatile and erratic behavior by the mother. Although remarried at the time of the trial court proceedings, she had lived in an open and adulterous relationship in her home with the children prior to her eve of court marriage. By contrast, the father is remarried, employed, and can provide a stable emotional and physical environment for the two children. That the trial court ordered a change of custody from the mother to the father is not against the manifest weight of the evidence.

■■■ We find no error in the trial court's consideration of incidents that were considered in a court decision one year prior regarding summer custody. In considering a permanent change of custody, the court is concerned with all circumstances that are changed from the time of the original award of custody. That the parties have been in court on related matters during the intervening period does not bar the parties from testifying to facts that may have been received into evidence in the prior proceeding. (*Mason v. Mason* (1977), 49 Ill. App. 3d 775.) The parties are not relitigating issues decided in the prior proceeding. In the instant cause, the matter of the issue is a permanent change of custody; the former proceeding was summer custody. Each matter presents different concerns to the court.

■■ Finally, the mother contends that the trial court erred in permitting counsel for the father to impeach her testimony by verbal reference to statements allegedly made during a telephone conversation with the father. The conversation was allegedly taped without her permission. However, neither a tape recording nor a transcript thereof was ever introduced into evidence. Counsel for the father confronted the mother with certain statements. After flat denial and then some qualification, she reluctantly admitted the statements. Counsel never used the alleged tape recording to impeach the mother's earlier in-court statements. Counsel's reference to times and dates of a conversation and statements made therein was not improper.

For the foregoing reasons, the judgment of the circuit court of Henry County is affirmed.


Affirmed.


ALLOY and BARRY, JJ., concur.