595 So.2d 988 (1992)
John M. EVANS and State of Florida, Department of Health and Rehabilitative Services, Appellants,
v.
Barbara Jean EVANS, Appellee.
No. 91-2422.
District Court of Appeal of Florida, First District.
March 2, 1992.
Joseph R. Boyd and William H. Branch of Boyd & Branch, Tallahassee, and Chriss Walker, Dept. of Health and Rehabilitative Services, for appellants.
Rita G. Hawkins of Syfrett & Hawkins, Panama City, for appellee.
KAHN, Judge.
Appellant John Evans appeals after his unsuccessful attempt to obtain an order requiring his former wife, Barbara, to pay support for the two children born of their marriage. For the reasons set out in this opinion, we believe that Mr. Evans is entitled to a full hearing on the child support issue, and accordingly we remand this matter for further proceedings.
Mr. and Mrs. Evans obtained a final judgment of dissolution of marriage on April 24, 1987. The final judgment incorporated a stipulation under which the parties agreed to share parental responsibility for the two minor children, with Mr. Evans maintaining the primary physical residence for the children. Neither the final judgment nor the stipulation incorporated therein *989 addresses the obligation of either Mr. or Mrs. Evans to provide any sort of support for the minor children. The final judgment contained the following clause:
That except for the dissolution of marriage granted herein, this Court retains jurisdiction of this entire matter to enter any further orders that may be appropriate, equitable, and just.
On July 20, 1989, Mrs. Evans sought modification of the final judgment, alleging that she should be deemed the primary residential parent. Mr. Evans, acting without the benefit of counsel, filed a "Supplemental Reply," maintaining that he should remain the primary residential parent and that the former wife should be required to pay child support. He also sought an order setting out specific visitation periods for Mrs. Evans. Significantly, in her complaint for modification of custody, Mrs. Evans alleged that as of July 20, 1989, she was "currently employed on a full-time basis." Mr. Evans' reply noted that since the dissolution he had received no support of any kind from his former wife.
On December 28, 1989, Mr. Evans, by then represented by Legal Services of North Florida, filed a motion for nonjury trial requesting that the "Petition for Modification of Custody" be set for final hearing. In response to this motion, the trial judge scheduled the matter for nonjury trial on March 19, 1990. Subsequently, the parties stipulated in writing to continue the final hearing until September 5, 1990. On September 17, 1990, the trial judge entered an order denying Mrs. Evans' motion to modify custody. This order did not rule upon, or even purport to address, Mr. Evans' earlier motion for child support.
On November 2, 1990, the Department of Health and Rehabilitative Services, on behalf of Mr. Evans, filed a boilerplate pleading denominated "Petition for Modification." Although entitled "Petition for Modification," the pleading contained a specific allegation that the previously entered final judgment failed to provide child support or health insurance coverage for the minor children. Mrs. Evans answered the petition by specifically denying these allegations, but raised no affirmative defenses such as res judicata.[1]
The case proceeded to final hearing on June 11, 1991. Without making any findings, the trial court denied Mr. Evans' petition "in its entirety."
The order now under appeal is the first order, as between Mr. and Mrs. Evans, that specifically addresses the question of child support. The court below seemed quite concerned that Mr. Evans was not prepared to prove increased earning capacity on the part of his former wife. The court failed to note two matters, however.[2] First, Mrs. Evans had affirmatively averred in her 1989 complaint for modification of custody that she was, by that time, employed full time. The record before us indicates that Mrs. Evans was unemployed at the time of the original dissolution. Second, Mrs. Evans' attorney acknowledged at the June 1991 final hearing that Mrs. Evans had earned "some income." Based upon this, Mr. Evans' attorney, perhaps somewhat inartfully, argued that income should be imputed to Mrs. Evans.[3]
The record also bears out that there was no dispute that Mr. Evans' expenses attributable to the children had increased since the dissolution. The trial judge made the following statement:
I do not think there has been sufficient showing  I'm willing to accept from you *990 that it costs Mr. Evans more to maintain the needs of these children at this point, than when the divorce took place. But, the divorce court did not grant support, and a subsequent hearing did not grant support, and I'm not going to entertain 
To the extent that he based his conclusion on his belief that the original judge in the dissolution did not grant support, and the subsequent judge in the modification did not grant support, the trial judge below erred. The final judgment of dissolution purported only to dissolve the marriage and incorporate the parties' stipulation, and specifically reserved jurisdiction over other matters. The subsequent modification proceeding was noticed for trial only as to the custody matter. Accordingly, the trial court's implication that Mr. Evans is now barred by the two previous orders is incorrect.
The trial court also erred by failing to note that the specific language of Mr. Evans' petition made reference to the fact that the judge in the original dissolution action never ordered child support. Although the petition was entitled "Petition for Modification," it would have been appropriate to look to the body of the pleading to determine the nature of the relief being sought. It is the very strong public policy of this state to require a parent to provide support for his or her children. See, Guadine v. Guadine, 474 So.2d 1245 (Fla. 4th DCA 1985). Neither a marital settlement agreement nor any other contract will serve to abrogate a parent's obligation to support minor children. Essex v. Ayres, 503 So.2d 1365 (Fla. 3d DCA 1987); Department of Health & Rehabilitative Services v. Morley, 570 So.2d 402 (Fla. 5th DCA 1990).[4]
On remand, the trial court should not treat the old decrees as bars to Mr. Evans' right to seek child support. Both the mother and the father are entitled to a full and fair hearing on the question. Needless to say, so are the minor children. Accordingly, the order under review is reversed and this cause is remanded for further proceedings consistent with this opinion.
WEBSTER, J., concurs.
ERVIN, J., concurs and dissents with written opinion.
ERVIN, Judge, concurring and dissenting.
I concur with the majority insofar as it remands the cause to the trial court for a hearing on the former husband's petition for modification of child support relating to any substantially changed circumstances that may have occurred after the September 17, 1990 order denying the former wife's petition to modify custody. I dissent, however, from that portion of the opinion permitting appellant the right to relitigate the issue of substantially changed circumstances transpiring before the entry of that order. Because appellant made a specific request for child support in his responsive pleading during the first modification proceeding, and therefore had the opportunity to try the issue of changed circumstances following the date of the dissolution, I consider that he is now barred by the doctrine of res judicata from seeking a modification as to any changed circumstances that may have occurred before the September 17, 1990 order which concluded that proceeding, even though it did not specifically address appellant's request for child support.
In reaching this conclusion, I think it helpful to restate certain principles of law relating to the doctrine of res judicata and the issue of whether that doctrine bars subsequently filed petitions to modify orders of child support. Res judicata is briefly defined as the doctrine that an existing final judgment on the merits rendered by a *991 court of competent jurisdiction is conclusive of the rights, questions, and facts in issue, as to the parties and their privies, in any other action in the same or another court. 32 Fla.Jur.2d Judgments and Decrees § 96 (1981). Thus, in the case of res judicata,
the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. . .. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law, upon any ground whatever.
Cromwell v. County of Sac, 94 U.S. (4 Otto) 351, 352-53, 24 L.Ed. 195, 197-98 (1876) (emphasis added).
Orders providing for child support are, by their nature, impermanent in character and are res judicata of issues which either were decided or could have been decided so long as the facts and circumstances of the parties remain the same as when the former judgment or order was entered. Lopez v. Avery, 66 So.2d 689, 692 (Fla. 1953); Eaton v. Eaton, 238 So.2d 166, 168 (Fla. 4th DCA 1970). Thus, the burden placed upon a party seeking a modification of a prior order relating to child custody or support requires that he or she prove a substantial change of circumstances following the date of the prior judgment or order regarding custody or the parties' ability to provide support or the needs of the children for same. Frumkes v. Frumkes, 349 So.2d 823, 824 (Fla. 3d DCA 1977). Accord Thomas v. Thomas, 589 So.2d 944, 947 (Fla. 1st DCA 1991); League v. Lassiter, 536 So.2d 365 (Fla. 1st DCA 1988); Alfrey v. Alfrey, 553 So.2d 393 (Fla. 4th DCA 1989) (on rehearing).
In applying the doctrine of res judicata specifically to subsequently filed petitions for change of custody or support, the rule is firmly established that issues pertaining to such petitions which were or could have been reached in the earlier judgment or order are considered final as to facts and conditions which existed at the time of the prior determination. Sandler v. Sandler, 258 Iowa 84, 137 N.W.2d 591 (1965). As a consequence, it is necessary to establish, in considering whether two claims are identical, what was the status of the facts existing at the time of the prior proceeding. See Mason v. Mason, 49 Ill. App.3d 775, 7 Ill.Dec. 544, 364 N.E.2d 705 (1977). Or, as the Florida Supreme Court stated in Bagwell v. Bagwell, 153 Fla. 471, 474, 14 So.2d 841, 843 (1943), "The test of the identity of the causes of action, for the purpose of determining the question of res adjudicata, is the identity of the facts essential to the maintenance of the actions."[1]
In applying this test to the case at bar, it is clear that the husband's subsequent petition of November 2, 1990, seeking support money from the former wife, relied in part upon facts that were identical to those existing as of the date of the prior order of modification of September 17, 1990. In his August 10, 1989 reply to the wife's petition for change in custody, the former husband, pro se, alleged that "[t]he Former Wife ... has not proven that she is full time employed, nor has the Former Wife ever proven to have a steady job for any length of time." Yet, in the same document, the former husband also sought child support from the former wife. A hearing was held, *992 but no transcript of same is included in the record. Consequently, it is impossible for this court to determine what evidence was in fact produced. Nonetheless, the trial court subsequently entered its order of September 17, 1990, denying the former wife's petition, without, as noted, addressing the former husband's request.
Less than two months later, the former husband, by petition for modification filed on his behalf by the Department of Health and Rehabilitative Services on November 2, 1990, sought child support from the former wife retroactive to July 1989. To the extent the former husband's petition of November 2, 1990 depended upon facts relating to a change in circumstances of the parties existing as of the time of the September 17, 1990 order, the husband's later petition should have been barred by the doctrine of res judicata, because there is an exact identity of facts necessary to maintain that portion of the claim. It is immaterial whether evidence relating to the former husband's motion for child support was introduced at the first modification hearing, Cromwell, or, indeed, whether the modification proceeding was noticed for trial only as to the custody matter, as noted in the majority's opinion. The simple fact is that the appellant, in response to his former wife's petition for modification of the final judgment as it related to child custody, filed a reply seeking child support from the former wife. That he may have abandoned his request at the September 5, 1990 hearing is immaterial[2] in regard to his right to relitigate an issue which he had raised in a pleading and which could have been brought to the trial court's attention. Cromwell.
The doctrine of res judicata was similarly applied in Phillips v. Phillips, 146 Fla. 311, 1 So.2d 186 (1941). In that case, a final decree dismissed a wife's suit for divorce, based upon the husband's answer that he had not abandoned the wife on a specific date without lawful excuse or justification and that a reconciliation had been effected between the parties as of the date of the entry of the decree. As a result of this earlier determination, the Florida Supreme Court held that the husband was precluded in the subsequent divorce action from presenting any evidence as to acts the wife committed prior to the date of the former decree, because any such alleged acts would have been inconsistent with the finding of reconciliation. Thus, because the husband had forgone the opportunity at the prior proceeding to present evidence of charges inconsistent with the prior determination, he was thereafter barred from litigating such issues in the later action.
Still other decisions explain that a former spouse will be barred at a proceeding for modification of a child support or custody order from alleging the affirmative defense of nonpaternity, if the defending spouse had the opportunity during the earlier proceeding to deny the issue of paternity based upon the facts then in existence. See, e.g., McNeece v. McNeece, 39 Colo. App. 160, 562 P.2d 767 (1977); Sutton v. Sutton, 56 N.C. App. 740, 289 S.E.2d 618 (1982). See also Donald M. Zupanec, Annotation, Effect, in Subsequent Proceedings, of Paternity Findings or Implications in Divorce or Annulment Decree or in Support or Custody Order Made Incidental Thereto, 78 A.L.R.3d 846 (1977).
This conclusion is consistent with that stated by the Supreme Court of Washington in Heuchan v. Heuchan, 38 Wash.2d 207, 228 P.2d 470 (1951), as follows:
It is our view that, when a petition for modification of a divorce decree as it relates to the custody of children, support money, or alimony, is before the court, both parties should make known any dissatisfaction with the status quo. ... Or, stated differently, only under the most exceptional circumstances should a party to this type of litigation be entitled to urge as a material change *993 of circumstance any condition or situation that could and should have been brought to the attention of the court at the hearing on a prior petition for modification.
Id. 228 P.2d at 475 (citation omitted). These statements reflect the policy considerations which led to the formulation of the doctrine of res judicata, recognizing "that in the interest of the State every justiciable controversy should be settled in one action in order that the courts and the parties will not be pothered for the same cause by interminable litigation." Gordon v. Gordon, 59 So.2d 40, 44 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952). Indeed, a leading commentator in the field has expressed the view that in the context of modifications of alimony awards, evidence of changed circumstances in support of such petitions should be permitted only as far back as the most recent petition for modification. 2 Homer H. Clark, Jr., The Law of Domestic Relations in the United States § 7.6, at 277 (2d ed. 1987).
In so concluding, I recognize that the former wife did not raise the defense of res judicata in response to appellant's second request for child support. Nevertheless, I glean from the comments made by the trial judge who presided over the second modification hearing that he apparently considered the issue had been earlier litigated  although he did not specifically recite this fact as a reason in his final order of denial. Whether the issue of the husband's earlier claim had been previously litigated we have no way of knowing due to the lack, as stated, of a record of that proceeding. Under the circumstances, I consider that we have a duty to affirm the trial court's later order of denial, notwithstanding that it may have been incorrectly premised on the belief that the issue of support had been earlier addressed, if the result is nonetheless correct. State v. Covington, 392 So.2d 1321 (Fla. 1981); Johnson v. Davis, 449 So.2d 344 (Fla. 3d DCA 1984), approved, 480 So.2d 625 (Fla. 1985). Because the doctrine of res judicata bars the former's husband petition as to all circumstances existing prior to the September 17, 1990 order, the result reached by the trial court as to the later claim which relied upon such circumstances is in my judgment correct.
In conclusion, although I would affirm the trial court's denial of the husband's petition of November 2, 1990, to the extent that his claim depended upon facts existing prior to the entry of the order of September 17, 1990, I concur with the majority's remand of the case for the limited purpose of allowing the husband to present evidence relating to any substantial change of circumstances which may have occurred following the entry of the order of September 17, 1990, in that such order obviously does not bar a claim which relies upon changed circumstances occurring after its entry.
NOTES
[1] Indeed, the defense of res judicata, so thoroughly articulated in Judge Ervin's dissent, was never raised or even mentioned by Mrs. Evans in her pleadings, at the hearing below, or in her brief before this court. It is beyond question in Florida that res judicata is an affirmative defense, Fla.R.Civ.P. 1.110(d), and must be raised in the pleadings or deemed waived. Gause v. First Bank of Marianna, 457 So.2d 582 (Fla. 1st DCA 1984).
[2] We recognize that no fewer than three circuit judges have been involved in the proceedings between Mr. and Mrs. Evans.
[3] The attorney made the following statement: "And, was able to earn $4,000. On a full-time basis she could earn at least minimum wage. Also, Your Honor, she has remarried, and now her husband is in the military, and she has base privileges."
[4] Further, the denomination of one parent (here, the father) as custodial does not in any way, by logic or by law, abrogate the other parent's support obligation. See Birge v. Simpson, 280 So.2d 482 (Fla. 1st DCA 1973) (duty of support owed by noncustodial mother is "equal"); Condon v. Condon, 295 So.2d 681, 683 (Fla. 1st DCA 1974) ("It is inescapable that the duty of support is owed by both natural parents"); Cronebaugh v. Van Dyke, 415 So.2d 738, 741 (Fla. 5th DCA 1982), rev. denied 426 So.2d 25 (Fla. 1983) (parental support duty "is independent of any settlement agreement made attendant upon dissolution").
[1] If the claims are not identical, then the doctrine of estoppel by judgment would apply, and the prior order would operate "as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." Cromwell v. County of Sac, 94 U.S. (4 Otto) 351, 353, 24 L.Ed. 195, 198 (1876). If I understand the majority's position correctly, it apparently considers the two claims for child support to be dissimilar, and because the trial court's order of September 17, 1990 did not explicitly rule upon the earlier request therefor, it has determined the later claim was not affected by the prior claim for such relief. My point of departure from the majority's decision, as discussed more fully infra, is that the doctrine of res judicata bars the second claim insofar as it depends upon facts which were identical to those underlying the prior request.
[2] Because we have nothing in the record relating to what transpired at that hearing, we have no way of knowing whether the husband's request to modify was abandoned or litigated. Thus, because appellant has failed to bring up a complete record of the issue he has raised, the order is to that extent affirmable. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).