609 So.2d 87 (1992)
Mary B. ANDERSON, Appellant,
v.
Carl W. ANDERSON, Appellee.
No. 92-1530.
District Court of Appeal of Florida, First District.
November 24, 1992.
Daniel S. Brim, Fernandina Beach, for appellant.
Clyde W. Davis, Fernandina Beach, for appellee.
WOLF, Judge.
Mary B. Anderson, the former wife, appeals from a final order entered upon her petition for modification. Mrs. Anderson raises three issues on appeal: (1) Whether the trial court erred in entering an arrearage judgment against the wife, (2) whether the trial court erred by failing to make the *88 child support award to the former wife retroactive to the date she filed her petition for modification, and (3) whether the trial court erred in failing to award attorney's fees and costs to the former wife. We reverse on issues one and two. We also find that the order of the trial court contained insufficient findings regarding attorney's fees and, thus, we remand for further findings as to that issue.
Appellant, Mary Anderson, and appellee, Carl Anderson, were divorced on October 14, 1983. Under the terms of the final judgment, Carl Anderson obtained custody of the couple's two minor children. The parties stipulated that due to Mary Anderson's inability to pay child support, no award should be made to Carl Anderson at that time. The trial court retained jurisdiction to modify this agreement in the future if changed circumstances dictated another arrangement upon such terms that are fair and equitable. At that time, the former wife was making $4.50 per hour, and the former husband was earning $11.68 per hour. The former husband never filed a petition to modify the final judgment.
The children remained with their father, and the wife moved to North Carolina. In September of 1991, the daughter went to live with the mother, and the son was no longer a minor. The father began to make voluntary support payments to the mother.
On November 21, 1991, the former wife filed a petition for modification of final judgment of dissolution of marriage seeking designation as the primary residential parent for the minor child, child support, attorney's fees, and other relief. On December 18, 1992, the former husband filed an answer and counter-petition. The counter-petition sought an arrearage judgment for child support against the former wife alleging that the wife had failed to pay any child support for the minor children, and that her obligation to pay support vested as of the date of the original final judgment. In answer to the counter-petition, the wife alleged that a retroactive award of child support payments was barred by res judicata and the arrangement of the final judgment.
A nonjury trial was held on March 16, 1992. The court found that there had been a change in the parties' circumstances and awarded primary residential custody to the mother along with $95.15 weekly child support from the father. The court also ordered the wife to repay the husband a sum of $12,000 for child support owed for the years 1989 through 1991 based on the wife's earnings in 1989-1991. In each of those years, the wife earned over $20,000. The court held that because the wife had an uncontested legal obligation of support and because her income was readily ascertained, the father was legally entitled to recover from the mother the child support obligation which was in arrears in the sum of $12,000.[1] The court denied the wife's request for attorney's fees.
It is error to award child support which is retroactive to a date prior to a request for modification of an order which previously addressed child support. Wood v. Wood, 590 So.2d 1136 (Fla. 4th DCA 1991); Berger v. Berger, 559 So.2d 737 (Fla. 5th DCA 1990); Alterman v. Alterman, 208 So.2d 472 (Fla. 3d DCA 1968). In Evans v. Evans, 595 So.2d 988 (Fla. 1st DCA 1992), this court provided that the trial court could consider the provision of child support prior to the date of the pending petition for modification where the previous orders of the trial court did not address child support and prior petitions for modification which had requested child support were filed but had not been ruled on. Evans may be distinguished from the instant case on three grounds: In this case (1) The trial court had previously addressed child support, (2) there had been no request for child support from the father prior to the filing of the counter-petition, and (3) there is no showing that the granting of an arrearage judgment would be in the best interests of the minor child. The trial court, therefore, erred in awarding retroactive *89 child support to the husband. See Wood, supra; Berger, supra.
We also agree with appellant's contention that the award of child support to the wife should have been made retroactive to the date that she filed the petition for modification. The decision of whether to award support from the date of the petition for modification is within the trial court's discretion. Barrs v. Barrs, 590 So.2d 980 (Fla. 1st DCA 1991). It is an abuse of discretion, however, to fail to award support from the date of the petition for modification where the need for the support and the ability of the former spouse to pay existed at the time that the modification petition was filed. Davis v. Davis, 581 So.2d 1005 (Fla. 1st DCA 1991). In this case, the record reflects that the same needs and ability to pay existed at the time of the petition. Appellee asserts that the wife would not be entitled to child support on the day the modification petition was filed, because at that time he had legal custody of the daughter. We find this argument unavailing where the daughter was living with the mother with the husband's permission at the time of the petition for modification and there was a demonstrated need for child support at that time.
We also determine that the trial court's order fails to contain sufficient factual findings to facilitate meaningful appellate review of the trial court's decision to deny appellant's request for attorney's fees. We, therefore, reverse and remand for the trial court to make further findings as to this issue. Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992).
Reversed and remanded.
ERVIN and MINER, JJ., concur.
NOTES
[1] It appears that the $12,000 figure was based on testimony from the husband concerning what he should have received based on the wife's income.