PER CURIAM.
In 2007, a North Carolina court granted Christopher and Linsey Ronk a divorce. The court also required Christopher to pay Linsey about one thousand dollars per month in child support. Years later, after the Ronks had moved out of North Carolina, the couple’s only child went to live with Christopher in Florida. No court ordered the change in residence, but no court had ever formally said anything about where the child was to live; up to that point, the Ronks had more or less agreed about parenting issues.
At some point, their ability to get along deteriorated, and the Ronks went to court in Florida with disputes about timesharing, child support, and other things. The Florida court domesticated the original North Carolina judgment, and it entered the final judgment at issue here. Linsey Ronk appeals, arguing that the trial court erred in several respects.
We affirm in large part. We find no abuse of discretion in.the trial court’s decisions on custody, timesharing, or ultimate decision-making — or in its efforts to ensure parties comply with its orders. We reverse in part, however, because the trial court should not have ordered child support retroactive to a date before the petition for modification was filed. See Anderson v. Anderson, 609 So.2d 87, 88 (Fla. 1st DCA 1992) (“It is error to award child support which is retroactive to a date prior to a request for modification of an order which previously addressed child support.”); Wertheim v. Wertheim, 667 So.2d 331, 332 (Fla. 1st DCA 1995). Similarly, the court should not have awarded a reimbursement of child support payments made before the petition for modification was filed. Cf. id. On remand, the trial court should limit any such relief to a period of time beginning on the date the petition was filed.
AFFIRMED in part, REVERSED in part, and REMANDED.
KELSEY, WINOKUR, and WINSOR, JJ., CONCUR.