Matter of Williams v Reid (2020 NY Slip Op 05393)





Matter of Williams v Reid


2020 NY Slip Op 05393


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


808 CAF 19-00187

[*1]IN THE MATTER OF DEBRA M. WILLIAMS, PETITIONER-APPELLANT,
v
DARLENE I. REID AND JENNIFER L. JOHNSON, RESPONDENTS-RESPONDENTS. 






TYSON BLUE, MACEDON, FOR PETITIONER-APPELLANT. 
CHRISTINE F. REDFIELD, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Wayne County (Richard M. Healy, J.), entered January 2, 2019 in a proceeding pursuant to Family Court Act article 6. The order granted the motion of respondent Jennifer L. Johnson to dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner mother commenced this proceeding pursuant to Family Court Act article 6 seeking, inter alia, to modify prior custody orders by granting her sole legal and residential custody of her daughter and son. Contrary to the mother's contention, Family Court properly granted without a hearing the motion of respondent Jennifer L. Johnson, the children's aunt (aunt), seeking to dismiss the petition. A hearing is not automatically required whenever a parent seeks modification of a custody order and, here, the mother failed to make a sufficient evidentiary showing of a change in circumstances to require a hearing (see Matter of Chase v Chase, 181 AD3d 1323, 1324 [4th Dept 2020], lv dismissed in part and denied in part 35 NY3d 996 [2020]; Matter of Gworek v Gworek [appeal No. 1], 158 AD3d 1304, 1304 [4th Dept 2018]). Contrary to the mother's contention, the allegations in the petition regarding her employment and residence did not demonstrate a change in circumstances inasmuch as the mother held the same job and lived in the same residence at the time she filed her petition as she did at the time of the custody trial in 2017. The mother also alleged as a change in circumstances that the aunt had started the son on medication without seeking the court's permission. The mother, however, has not included in the record the court's prior custody orders or evidence of some other directive of the court concerning medication. The record is therefore not adequate to permit review of the mother's allegation (see Matter of Unczur v Welch, 159 AD3d 1405, 1405 [4th Dept 2018], lv denied 31 NY3d 909 [2018]; Matter of Christopher D.S. [Richard E.S.], 136 AD3d 1285, 1286-1287 [4th Dept 2016]). The mother further alleged as a change in circumstances that her children expressed a preference for living with her. "[A]lthough not dispositive, the express wishes of older and more mature children can support the finding of a change in circumstances" (Matter of Rohr v Young, 148 AD3d 1681, 1681 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Cole v Nofri, 107 AD3d 1510, 1511 [4th Dept 2013], lv denied 22 NY3d 1083 [2014]). Here, however, the children were 7 years old and 5 years old, and we consider them too young and not of sufficient maturity for their alleged desires to reside with the mother to demonstrate a change in circumstances (see generally Fox v Fox, 177 AD2d 209, 211 [4th Dept 1992]). We have examined the mother's remaining allegations of purported changes in circumstances, and we agree with the court that none of them warranted a hearing or precluded the grant of the aunt's motion.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court