2022 IL App (1st) 211014 -U

No. 1-21-1014

March 14, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| | ) | Appeal from the Circuit Court |
| IN RE THE MARRIAGE OF | ) | of Cook County, Illinois |
| | ) | |
| DAVID HEDDLESTON, | ) | No. 20 D 5334 |
| | ) | |
| Petitioner-Appellant, | ) | The Honorable |
| | ) | David Haracz |
| v. | ) | Judge Presiding. |
| MARY KOSINSKI, | ) | |
| | | |
| Respondent-Appellee. | | |

JUSTICE WALKER delivered the judgment of the court, with opinion.
Justice Pucinski and Justice Coghlan concurred in the judgment.

**ORDER**

*Held*: A marital settlement agreement that requires future negotiation on the exact time for parental visits imposes on both parties an enforceable duty to negotiate in good faith. Where a petition did not allege facts that could support a finding one parent negotiated in bad faith, the circuit court properly dismissed, without an evidentiary hearing, a claim for abuse of allocated parenting time.

¶ 1    The circuit court denied David Heddleston's motion for a finding that his ex-wife, Mary Kosinski, abused allocated parenting time. Heddleston contends the circuit court's order makes the marital settlement agreement (MSA) unenforceable. We find the settlement agreement

includes an enforceable promise that both parties will negotiate in good faith to arrange Heddleston's parenting time. We also find that Heddleston's motion did not allege facts that could support a finding that Kosinski violated her duties under the MSA. Accordingly, we affirm the circuit court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3     Kosinski married Heddleston in 2011. They had two children: Theodore, born in 2014, and Reagan, born in 2016. A Virginia court entered a judgment dissolving the marriage in 2020. The judgment incorporated the parties' MSA. Kosinski and the children moved to Illinois and Heddleston moved to Florida. An Illinois court enrolled the Virginia judgment in January 2021.

¶ 4     The MSA anticipated the parties' moves, as it provides:

"Regular Weekly Schedule When Parents Live More than Fifty (50) Miles From Each Other: The parties shall mutually agree to a regular custodial schedule. ***

*** [T]he non-custodial parent will typically visit the children one weekend a month. *** The primary custodial parent agrees to be flexible with the non-custodial parent."

¶ 5     On January 27, 2021, Heddleston filed a "Motion for Finding of Abuse of Allocated Parenting Time," pursuant to 750 ILCS 5/607.5 (West 2020). He alleged:

"In August 2020, the Respondent refused to allow Petitioner to spend birthday parenting time with the parties' daughter, to celebrate his own birthday with the children, or to exercise his one weekend each month with the children. The Petitioner offered to forego an entire weekend with the children in order to ensure that both parents would be able to celebrate their daughter's birthday in close proximity to such. The Respondent insisted that the Petitioner quarantine for 14

days after travelling to Illinois. Notwithstanding Respondent's position on Petitioner's travel, Respondent took the children to visit her two aunts and grandmother in Indiana. This took place on August 8, 2020. It is unknown, what if any, precautions Respondent took for herself and the children.

*** The Respondent finally 'allowed' the Petitioner one hour of supervised parenting time on the front lawn of her residence provided that the children and Petitioner wear masks and avoid physical contact.

*** In January 2021, the Respondent failed to make the children available for parenting time ***. The Petitioner advised the Respondent on December 30, 2020, of his intent to spend parenting time with the children January 15-17. The Respondent initially stated that she would not make the children available for January 15-17 *** and instead offered the weekend of January 22-24. The Petitioner offered to truncate parenting time and instead visit from January 15-16 ***. The Respondent then required that the Petitioner first would need to provide proof of a negative COVID test. When the Petitioner explained that such proof was not a condition of the MSA, the Respondent then stated that the Petitioner could not visit with the children January 15-16 ***.

*** The Petitioner traveled to [Kosinski's home] on January 15 and advised the Respondent that he was prepared to pick up the children at 6 p.m. that day. *** However, the Respondent continued to demand the Petitioner to furnish a negative COVID test before the Respondent would make the children available for the Petitioner's parenting time.

*** On January 15, 2021, the Petitioner drove to and parked in front of the Respondent's residence on the public street. *** The Petitioner then sent an e-mail [to] the Respondent and her counsel. The Petitioner then sent the Respondent a text message stating he was present at the residence and ready to pick up the children. The Respondent sent the Petitioner a text message noting that '[b]oth my lawyer and I have requested a negative COVID test if you are flying.' ***

*** In e-mail correspondence, the Petitioner questioned the Respondent and her counsel as to the underpinning concerns given the Respondent's own conduct relative to COVID safety. For instance, from December 27, 2020, to January 2, 2021, the Respondent and her spouse, after dropping off the children with the Petitioner for his holiday parental visitation, stayed in three different hotels ***. [N]either the Respondent nor her spouse furnished or alluded to any negative COVID test prior to accepting the children despite their travels the preceding week. ***

*** Petitioner has been fully vaccinated for COVID-19."

¶ 6    Heddleston asked the court to enter an order (1) finding that Kosinski abused allocated parenting time; (2) awarding him court fees and travel expenses; and (3) modifying the MSA to restrict Kosinski's right to reject the weekends Heddleston prefers for his visits.

¶ 7    The trial court heard arguments on July 20, 2021. No court reporter recorded the hearing. The court heard no testimony and received no documents into evidence. The court denied Heddleston's motion, explaining that the parties never agreed to any particular weekend in January 2021 for Heddleston's visit, and the court could not find that Kosinski had violated the MSA. Heddleston now appeals.

¶ 8                                II. ANALYSIS

¶ 9    Heddleston argues that the circuit court misconstrued the MSA, and the court's interpretation makes the MSA unenforceable.  The order denying Heddleston's motion resolved the last issue pending in the case.  As the order "terminates the litigation between the parties on the merits [and] disposes of the rights of the parties," *(R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159, 692 N.E.2d 306 (1998)) it constitutes a final judgment.  Supreme Court Rule 303 gives this court jurisdiction to consider the appeal. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 10    The circuit court denied Heddleston's motion for a finding that Kosinski abused parenting time without hearing any evidence on its allegations.  "A hearing is not automatically required whenever a parent seeks modification of a custody order."  *Williams v. Reid*, 187 A.D.3d 1593, 1594, 133 N.Y.S.3d 152, 153 (2020).  The court may dismiss the petition without an evidentiary hearing when the allegations, if proven, would not show grounds for granting the relief the petitioner seeks. *Id.*

¶ 11    The circuit court found Heddleston's allegations insufficient to show an abuse of allocated parenting time.  We review *de novo* the dismissal of a claim on grounds of insufficient allegations. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 368 (2003).  The dispute here requires interpretation of the MSA, which we also review *de novo*. *Blum v. Koster*, 235 Ill. 2d 21, 33, 919 N.E.2d 333 (2009).

¶ 12    The parties entered the MSA in Virginia, and a Virginia court approved it and made it part of a judgment of dissolution.  Neither party addresses the issue of whether Virginia law might control its interpretation.  Fortunately, we find no significant difference between Virginia law and Illinois law on the issues in this case.  Both states apply rules of contract construction to MSAs. *Id.*; *Plunkett v. Plunkett*, 271 Va. 162, 166, 624 S.E.2d 39, 41 (2006).  The MSA here leaves open

for subsequent negotiation the resolution of which weekend each month the non-custodial parent will have visitation. In both Illinois and Virginia, "a party vested with contractual discretion [must] exercise that discretion reasonably, not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectation of the parties." *Northern Trust Co. v. VIII South Michigan Associates*, 276 Ill. App. 3d 355, 36**7** (1995); *Stoney Glen, LLC v. Southern Bank & Trust Co.*, 944 F. Supp. 2d 460, 465-66 (E.D. Va. 2013).

¶ 13    To state a claim for violation of the MSA, Heddleston needed to allege facts that could support a finding that Kosinski failed to negotiate in good faith in the parties' dispute concerning visitation for January 2021. The court could properly consider the parties' agreements for visitation in other months and for extended visits. *See In re Custody of McIntyre*, 97 Ill. App. 3d 777, 780 (1981). Heddleston contends Kosinski violated the MSA by refusing to let him visit the children on the weekend of January 16, 2021. "The covenant of good faith and fair dealing does not enable a guarantor to read an obligation into a contract that does not exist." *Northern Trust*, 276 Ill. App. 3d at 368. The MSA does not require Kosinski to make the children available for visits on the weekends Heddleston prefers. Heddleston's allegations do not support a finding that Kosinski refused to negotiate with Heddleston about the January 2021 visit or that she acted in bad faith. Because Heddleston has failed to state facts that could support a finding of a violation of the MSA or an abuse of parenting time, we affirm the dismissal of his motion.

¶ 14                                III. CONCLUSION

¶ 15    The MSA required both parties to negotiate in good faith to arrange times for Heddleston to visit his children. Heddleston has not alleged facts that could support a finding Kosinski acted in bad faith in negotiation for Heddleston's visit in January 2021. Accordingly, we affirm the judgment dismissing Heddleston's motion for finding an abuse of allocated parenting time.

¶ 16    Affirmed.