PER CURIAM.
The appellant Suzanne Kirk and the appellee Donald Lawrence Kirk were divorced by a decree of the circuit court of *695 Dade County on October 11, 1960. The decree contained no provision for payment of alimony, or of any child support for the two children of the marriage, a girl and a hoy who at that time were eight and three years of age. The decree ratified and approved an agreement into which the parties had entered. The agreement gave the mother custody of the children, with certain visitation rights to the father, but made no provision for support of the children. In the divorce decree the court reserved jurisdiction “for the purpose of making any future or further orders as the court may deem just and proper.”
On March 6, 1969, the appellant Suzanne Kirk filed a petition in the divorce suit for an order requiring the husband to pay child support. At the hearing thereon it was disclosed that the two children of the parties were living with their mother, the appellant; that they were then aged 17 and 12 years respectively; that without formal agreement or an order of the court the husband had been furnishing the wife with $100 to $150 per month for the support of the children; that the wife had remarried, and subsequently had divorced the second husband; that a third child had been born during appellant’s second marriage, a boy now aged six years; that from her second husband the appellant was receiving $150 per month for alimony and $375 per month for support of the child of that marriage; that the appellant lives in Fort Lauderdale, in an apartment for which a rental of $260 per month is paid; that she desires and intends to move into another apartment on which the rent will be $310 per month; that she had not been employed and was not during the time of her marriages, and that presently she is unable to become employed due to the necessity to care for her children of school age; that in addition to voluntarily paying certain amounts to the appellant for child support, the appellee has been paying medical and dental expenses of the two children, and the tuition for one of them to attend a private school.
The appellant listed her needs for support of the two children as amounting to $510 a month. The appellee was revealed to have an income of $37,000 a year. The trial court ordered the appellee to pay the appellant $125 per month for the support of each of the two children, and to pay for “all major medical and dental expenses and for religious training of the said minor children of the parties.”
On this appeal taken by the ex-wife from that order she contends that the amount allowed for child support was inadequate; that limiting the ex-husband’s obligation to pay medical and dental expenses to major expenses of that kind was in error in that at the hearing the appellee had offered to pay such expenses without them being so limited; and that the court erred in denying appellant’s request for reasonable attorney fees.
On consideration of the record we are of the opinion that the appellant has failed to show that the allowance of child support in the total amount of $250 per month represented an abuse of discretion by the trial court; and that provision of the order is affirmed.
We find merit in the appellant’s contention that the order unduly limited the obligation of the husband for payment of medical and dental expenses. As pointed out by counsel for the appellant, the husband indicated a willingness to pay for medical and dental expenses of the children with the exception that expenses for “cosmetic forms of dentistry and surgery” for the children should not be undertaken without his approval. When asked whether he was willing “to do anything, or will you do anything besides the $250?” He answered : “I have always agreed and always paid for the medical expenses and dental expenses. I have paid for at one time my son when he went to camp. I páid that. I paid their transportation back and forth to my permanent place of residence so they can visit me in the summer and on vaca *696 tions. I have paid for their religious instruction, and I intend to continue doing so.” He then added the statement, referred to above, as to reserving the right for his preliminary approval of any “cosmetic forms of dentistry and surgery,” as a condition of his being obligated to pay therefor.
Inasmuch as the appellee had not previously limited his payment of medical and dental expenses of the children to those which were “major,” and did not request the court to so limit such expenses in the future, and indicated a willingness and intention to continue to pay these expenses (with the exception noted as to “cosmetic” dentistry and surgery), the order of April 25, 1969, wherein it limits the appellee’s obligation to major medical and dental expenses is hereby modified to provide that “the said Donald Lawrence Kirk shall pay the medical and dental expenses reasonably or necessarily incurred for the two children of the marriage during their minority, provided that he shall not be required to pay such expenses for cosmetic forms of dentistry and surgery unless incurred after his prior consent thereto.”
We find merit also in the appellant’s contention that the court erred in refusing to award the wife a fee for her attorney in that proceeding. Providing for support of minor children of the parties to a divorce suit, where there is a need therefor, is an essential part of the suit or proceeding. This was not done in the present case at the time of the final hearing and decree. While the reservation of jurisdiction in the decree was not essential in order for the court to have jurisdiction thereafter to make orders necessary for the care and support of the children, in this case jurisdiction was expressly reserved in the decree in a form sufficient to authorize the court to so proceed later. In that posture of the case the trial court was authorized to award an attorney’s fee to the appellant for such proceeding, and the evidence before the court on that feature was that the reasonable value of the services was $500.
Accordingly, the decree is further modified and amended to order that the defendant Donald Lawrence Kirk is ordered and directed to pay to the plaintiff Suzanne Kirk, as fees for the services of her attorney, the sum of $500. See Hunter v. Hunter, Fla.App.1969, 221 So.2d 189.
As modified and amended herein, the order appealed from is affirmed.