559 So.2d 737 (1990)
Howard T. BERGER, Appellant/Cross-Appellee,
v.
Jacquie R. BERGER, Appellee/Cross-Appellant.
No. 89-145.
District Court of Appeal of Florida, Fifth District.
April 19, 1990.
*738 Arthur Baron and David R. Heil of Arthur Baron & Associates, Orlando, for appellant.
Terry C. Young of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for appellee.
GOSHORN, Judge.
Howard Berger appeals the order entered on Jacquie Berger's petition for modification of the final judgment of dissolution of their marriage and the order on his motion for determination of credits upon the sale of the former marital residence. Jacquie cross-appeals, arguing that the court abused its discretion by awarding inadequate child support arrearages and failing to require Howard to furnish their daughter a car and pay for her college education. We find Jacquie's contentions without merit; however, the issues raised by Howard warrant reversal.
The parties were divorced in November, 1983. Howard was given exclusive possession of the marital home and designated primary residential custodian of the parties' two minor children. By November, 1984, only Samantha remained a minor. That month the parties entered into a stipulation providing that upon Jacquie moving to Winter Park, custody of Samantha would be transferred to her. The stipulation was silent with respect to the payment of child support. The court modified the final judgment in accordance with the stipulation. Samantha actually began living with Jacquie in March, 1985. In March, 1987 Jacquie filed a petition for modification seeking child support and other relief. Thereafter, but prior to the hearing on the modification, Samantha turned 18 years old.
At the conclusion of the modification hearing, the court ordered Howard to pay child support for Samantha retroactive to the date the final judgment was modified transferring custody of Samantha to Jacquie. Pegging the retroactive support to this date, 27 months prior to the date the petition seeking child support was filed, was incorrect. Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938); Ramona v. Ramona, 244 So.2d 547 (Fla. 3d DCA 1971); Alterman v. Alterman, 208 So.2d 472 (Fla. 3d DCA 1968). On remand the trial court shall adjust the child support to reflect that it is retroactive to the date of filing the petition for modification.
The court further ordered that the total amount of the retroactive child support be paid from the proceeds of the sale of the former marital residence and that failure of Howard to comply would subject him to contempt of court. Each of these provisions constitute error. It is undisputed that Howard established homestead in the former marital property with his new wife and child, as evidenced by Howard's affidavit declaring the house to be his homestead. The affidavit further reflects Howard's intent to use the proceeds from the sale of the house to establish another homestead. Under this set of facts, the trial court lacked the authority to levy on the proceeds of the sale of the former marital home. Sun First National Bank of Orlando v. Geiger, 402 So.2d 428 (Fla. 5th DCA 1981). Orange Brevard Plumbing and Heating Company v. LaCroix, 137 So.2d 201 (Fla. 1962). Further, contempt is unavailable as a means of enforcing an order adjudicating a support arrearage when the child has attained his or her majority. Roberts v. Roberts, 385 So.2d 1032 (Fla. 5th DCA 1980); Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970), *739 cert. denied, 247 So.2d 437 (Fla. 1971). Because Samantha had attained her majority some ten months before the order, Jacquie's proper remedy is to obtain a judgment enforceable by civil proceedings, not contempt. Accordingly, these provisions are stricken from the order of modification of the final judgment.
Finally, Howard claims the trial court erred in determining that Jacquie's credit for one-half the rental value of the marital home completely offset Howard's entitlement, provided for in the final judgment of dissolution, to credit for one-half of certain expenditures incurred in maintaining the home prior to its sale.
The final judgment gave Howard exclusive use of the marital home
until he remarries or for as long as he lives at the marital home with the minor children or until the last child reaches the age of eighteen (18), marries, dies or becomes self-supporting, whichever event occurs first, at which time the marital home will be sold, and the net proceeds of the sale will be divided equally between the parties. During the Husband's exclusive use, possession and occupancy of the home, he will pay all expenses attendant to the property, including but not limited to mortgage payments, taxes, insurance, general maintenance, yard maintenance and will maintain the home in a neat and orderly manner.
* * * * * *
That upon the sale of the property, the Husband will receive a credit for one-half of any reduction of the mortgage principal, one-half of the insurance payments, one-half of taxes and repairs over Two Hundred and no/100 ($200.00) Dollars made subsequent to the date of this final judgment.
When it came time for Howard to sell the home, the trial court, relying on Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988), held Jacquie was entitled to an offset for 50% of the fair market rental value of the premises while occupied by Howard from the date of the entry of the final judgment of dissolution of marriage to the date of sale of the marital home. Based on the evidence, the court held that Jacquie's credit completely offset any claim made by Howard for expenses for which he sought contribution from wife and ordered that the net proceeds from the sale of the former home be equally split between the parties.
Had the instant case not involved the award of exclusive possession of the house to Howard for as long as it was used as a domicile for the minor child, the trial court's application of Barrow would have been correct. However, the exclusive possession award is sufficient to take the instant case out from under the dictates of Barrow. Exclusive possession in circumstances such as in the instant case constitutes an aspect of child support. Sency v. Sency, 478 So.2d 432 (Fla. 5th DCA 1985) ("Exclusive possession given an ex-spouse and children of a marriage always constitutes an aspect of child support in kind and sometimes also constitutes an aspect of alimony.") See also Wiggins v. Wiggins, 415 So.2d 861 (Fla. 5th DCA 1982). As long as Samantha lived in the marital home, that use of the home was an aspect of child support. Because use of the home was an aspect of child support, computation of one-half the rental value of the home should not include the value of the period of time Samantha occupied the house. Haas v. Haas, 552 So.2d 252 (Fla. 4th DCA 1989) is inapposite, because Haas did not involve the husband's occupancy of the former marital home as an aspect of child support.
The date which should have triggered the computation of the rental period was the date that Samantha moved out, i.e., March, 1985. This period ran until the house was sold on January 30, 1989. Howard should receive credit for one-half the decrease of the mortgage principal and one-half of the insurance, taxes and repairs made, as provided in the final judgment. Jacquie is entitled to offset from this figure one-half the reasonable rental value from March, 1985 through January, 1989. On remand the trial court shall determine a reasonable rental value for the house and the amount of credit due Howard.
*740 In all other respects the orders appealed are affirmed.
AFFIRMED in part, REVERSED in part and REMANDED.
W. SHARP, J. and ORFINGER, M., Associate Judge, concur.