GOSHORN, Judge.
Thomas Garrett appeals the order denying his amended supplemental petition for modification of the final judgment of dissolution. He argues that the trial court improperly *383 rejected his evidence and further erred by ordering him to pay more child support than his income justifies. Based on our review of the record, we disagree with Garrett’s contentions.- However, we rémand this case based on error which is plain from the face of the order appealed.
A year after the divorce, Garrett petitioned for a decrease in child support, contending he had experienced a drastic reduction in income. Garrett and the former wife stipulated to a $150 per month decrease in child support. The trial court approved and adopted the stipulation by an order rendered in February 1994. Over two years later,- the former wife sought reimposition of the original child support amount. The trial court, in the order appealed, reinstated the original amount retroactive to February 1994.
The former .wife’s' counter-petition for modification which put Garrett on notice that she was seeking réimposition of the original child support amount was filed in April 1996. The trial court could impose retroactive support only to that date. See Warner v. Warner, 692 So.2d 266, 269 (Fla. 5th DCA 1997) (wife entitled to support increase only retroactive-to date she filed therefor); Fayson v. Fayson, 482 So.2d 523 (Fla. 5th DCA 1986) (same). Accordingly, we strike the child support arrearage provision and remand for recalculation of the arrearage retroactive only to the date of the former wife’s counter-petition for modification. We affirm all other provisions of the order.
AFFIRMED in part; REVERSED in part; REMANDED.
COBB and PETERSON, JJ., concur.