712 So.2d 1236 (1998)
Richard GHERARDI, Appellant,
v.
Yvette T. GHERARDI, Appellee.
No. 97-2462.
District Court of Appeal of Florida, Fourth District.
July 1, 1998.
*1237 Alexandra V. Rieman of Alexandra V. Rieman, P.A., Fort Lauderdale, for appellant.
William H. Branch and Joseph R. Boyd of Boyd, Lindsey, Williams & Branch, P.A., and Chriss Walker of the Department of Revenue, Office of Child Support Enforcement, Tallahassee, for appellee.
PER CURIAM.
This is an appeal of a final order of the trial court in an action filed by the Department of Revenue, pursuant to chapter 409, Florida Statutes, seeking to recover public assistance monies paid on behalf of the minor children and to set the former husband's current child support obligation. The final order, which adopted the hearing officer's report, required appellant (former husband) to pay $777.25 per month for child support and arrearage. We reverse and remand.
As to the $722 current monthly obligation, we remand so that the trial court may recalculate the obligation taking into consideration the deductions from gross income listed in Florida Statutes sections 61.30(3)(b) and (e), which allow a parent to deduct from his/her gross income the amount of federal insurance contributions and health insurance premiums paid, excluding payments for coverage of the minor child. The record indicates that the lower court failed to take these deductions into account when calculating the former husband's child support obligation.
We vacate the $34,737.74 award of "retroactive support/arrears," which was made retroactive to the date of the dissolution of marriage, December 23, 1992, because we are unable to determine how much of this award is for reimbursement to the State for public assistance funds and how much, if any, is retroactive child support to the mother. To the extent that a portion of the $34,737.74 represents child support, the award can be made retroactive only to the date of the filing of the petition, which in this case was in August of 1995. See Berger v. Berger, 559 So.2d 737 (Fla. 5th DCA 1990). On the other hand, any portion of the $34,737.74 award which is reimbursement to the State for public assistance funds under section 409.234 can appropriately embody expenditures which predate the filing of the petition. Because the amounts for reimbursement and retroactive child support are not specified in the order, we are unable to conduct a meaningful appellate review as to the propriety of the total award. On remand, the lower court is directed to delineate how much of the "support/arrears" award is reimbursement to the State and how much is retroactive child support payable to the mother.
Additionally, we must vacate the "retroactive support/arrears award" because of the numerous evidentiary gaps in the record. The lower court is directed to take further evidence in order to make findings *1238 regarding the former husband's ability to pay during the time that the State expended the public assistance funds for which it seeks reimbursement. See HRS v. Hatfield, 522 So.2d 61 (Fla. 2d DCA 1988)(holding that the State's entitlement to reimbursement for public assistance funds depends upon the former husband's ability to pay during the period that the funds were disbursed). Further, there is no evidence in the record of the former husband's earnings for the period of February 1996 through April 1997. Finally, we note that as of July 1995, the wife was reporting zero income, and sometime thereafter, she began earning $1,000 in monthly net income. No evidence was presented as to when the wife's income increased from $0.00 to $1,000 per month. Since child support calculations under the guidelines must take into account the earnings of both parents, the former husband's retroactive child support obligation could not have been accurately determined in the absence of the aforementioned evidence.
We have examined the other issues raised by appellant and find no error. We, therefore, reverse in part and remand for further proceedings consistent with this opinion. On remand, the full $34,737.74 may be reinstated if appropriate and consistent with this opinion.
STONE, C.J., and FARMER and STEVENSON, JJ., concur.