SILBERMAN, Judge.
Shlomit Galperin, the Former Wife, appeals the trial court’s order increasing her child support obligation. First, she argues that the trial court erred by including as part of her income the alimony that she receives from Boris Galperin, the Former Husband. We find no error as to this issue and affirm without comment. Second, she argues that the trial court erred by making the upward modification of her child support obligation retroactive to the date that she filed a petition seeking modification of her obligation. We agree because the obligation should have been retroactive to the date that the Former Husband filed his petition for an increase in support, not the earlier date on which the Former Wife sought a reduction in her support obligation.
The Former Husband and the Former Wife were divorced in 1994. The trial court awarded shared parental responsibility of the parties’ minor children with their primary physical residence to be with the Former Husband, and it ordered the Former Wife to pay child support in the amount of $82 per month to the Former Husband.
On August 3, 2001, the Former Wife filed a petition to reduce her child support payments for various reasons, including that the oldest child had reached the age of majority. On February 25, 2002, the Former Husband filed a petition for an increase in the Former Wife’s child support obligation, alleging that the Former Wife was working and that the needs of the minor child had increased.
Following an evidentiary hearing, the trial court found that there had been a substantial change in circumstances as to the needs of the minor child and the parties’ earning capacities. The trial court calculated the Former Wife’s child support obligation pursuant to the guidelines to be $489.51 per month, an increase from her prior obligation of $82 per month. The trial court awarded the upward modification retroactive to “August 1, 2001 when [the Former Wife] filed her Petition for Modification of Support.” [1] This created *12 an arrearage in the amount of $4075.10, which the trial court ordered the Former Wife to pay at the rate of $97.90 per month.
The Former Wife correctly argues that a trial court may not make a child support modification retroactive to a date prior to the filing of the petition seeking that modification. See Wertheim, v. Wertheim, 667 So.2d 331, 332 (Fla. 1st DCA 1995); see also Snyder v. Linville, 659 So.2d 1373 (Fla. 2d DCA 1995). This is true even if the trial court had jurisdiction over the matter prior to the filing of the petition. See McDowell v. McDowell, 770 So.2d 1289, 1289 (Fla. 1st DCA 2000). The rationale behind this rule is that it is the filing of the petition that places the obligated party on notice of a potential increase in his or her support obligation. See Garrett v. Garrett, 707 So.2d 382, 383 (Fla. 5th DCA 1998).
Although the trial court eliminated the Former Wife’s obligation with respect to the child who had reached the age of majority, it granted the Former Husband’s request for an upward modification of support for the minor child. The latter relief was first contemplated in the Former Husband’s petition; thus, the trial court should have made the upward modification retroactive to the date of filing of the Former Husband’s petition.
Accordingly, we reverse the trial court’s order to the extent that it makes the upward modification of child support retroactive to the filing date of the Former Wife’s petition, and we remand with instructions that the upward modification be made retroactive to the filing date of the Former Husband’s petition. Because of the date change, the trial court must also recalculate the amount of the Former Wife’s ar-rearage.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and DAVIS, JJ., concur.

. The record reflects that the Former Wife actually filed her petition on August 3, 2001. However, because the trial court should have made the modification retroactive to February 25, 2002, the date of filing of the Former *12 Husband’s petition, the error does not affect the outcome of this appeal.