958 So.2d 489 (2007)
Alex BEROES, Appellant,
v.
FLORIDA DEPARTMENT OF REVENUE, on behalf of Mercedes PALACIOS, Appellee.
No. 3D05-2150.
District Court of Appeal of Florida, Third District.
May 30, 2007.
*490 Bofill & Vilar and Jose C. Bofill, Miami, for appellant.
Bill McCollum, Attorney General, Orlando, and William H. Branch, Assistant Attorney General, Tallahassee, for appellee.
Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The former husband, Alex Beroes, appeals from a post-dissolution order awarding ongoing and retroactive child support to the former wife, Mercedes Palacios. We reverse and remand for an evidentiary hearing.
The former husband and the former wife, Mercedes Palacios, married in 1992 in Venezuela, and are the parents of a *491 minor child born in 1992. In 2000, the parties, who were living in Miami at the time, separated and the former wife returned to Venezuela with their child.
In May 2000, the former husband, who had been living in Miami-Dade County for at least six months, filed a petition for dissolution of marriage alleging, in part, that the former wife should be designated the primary residential parent of the minor child, the former wife was in need of child support, and he had the ability to pay child support. The former wife was served by publication and, after the former husband filed an affidavit of diligent search, a default was entered against the former wife. In August 2000, a final judgment of dissolution of marriage ("Final Judgment") was entered, which provides, in part, as follows:
2. The Court shall retain jurisdiction of the parties hereto and the subject matter hereof.
3. The parties shall be awarded shared parental responsibility of the minor child with the primary residence being with the Respondent.
4. The Court shall retain jurisdiction over the issue of child support, custody and visitation since the present whereabouts of the Respondent are unknown at this time.
Paragraphs three and four of the Final Judgment were crossed out and initialed by Judge Philip Cook.
In early 2002, the Department of Revenue ("the Department"), on behalf of the former wife, filed a Supplemental Petition for Modification of Final Judgment ("Supplemental Petition") in the divorce action, alleging that "[a]lthough no child support was ordered in said Final Judgment, the Court retains jurisdiction of this cause for the entry of such future orders concerning child support as circumstances might require," and requesting that the trial court impose ongoing and retroactive child support.
Thereafter, the former husband moved to dismiss the former wife's Supplemental Petition, arguing that the trial court lacked subject matter jurisdiction to determine or establish child support because this matter was not determined in the Final Judgment, and that Judge Cook, by crossing out paragraph four of the Final Judgment, did not retain jurisdiction over the issue of child support.
In January 2003, the former husband's motion to dismiss was heard by a hearing officer. The hearing officer's recommended order provides that Judge Cook "did not permit the reservation of jurisdiction on issues of visitation, shared parental responsibility, custody and child support," and therefore, the motion to dismiss should be granted "without prejudice should the Department of Revenue wish to file an initial Petition for Support." Thereafter, Judge Arthur H. Taylor ratified the hearing officer's recommended order.
The Department, however, filed a Motion to Vacate Judge Taylor's order, and on June 2, 2003, Judge Taylor entered an order granting the Department's motion to vacate, finding that based upon paragraph two of the Final Judgment, the trial court had jurisdiction to address the issue of child support.
The former wife's Supplemental Petition was heard by a hearing officer in October 2004. The former husband and former wife did not attend the hearing, and no testimony was heard. The hearing officer, however, accepted from the Department a document from the Department of Labor regarding the former husband's current earnings.
The hearing officer entered a recommended order on the former wife's Supplemental *492 Petition, finding, in part, that the former husband "failed to comply with Florida's discovery rule 12.285, therefore, as a sanction, income is imputed to the [former husband] based on information from the Department of Labor." The hearing officer recommended that the former wife be awarded ongoing and retroactive child support. Judge Taylor entered an order ratifying the hearing officer's recommended order, and he denied the former husband's motion for rehearing.
The first issue raised in this appeal is whether the trial court possessed subject matter jurisdiction to award child support to the former wife. While the former husband asserts that the trial court lacked subject matter jurisdiction, and the former wife takes the contrary position, both parties, while recognizing our holdings in Cruz v. Domenech[1] and Birnbaum v. Birnbaum,[2] agree that our standard of review in this case is de novo. We agree. The trial court's ruling regarding subject matter jurisdiction did not involve the resolution of any question of fact. The issue was decided as a matter of law. We, therefore, conclude that the trial court's ruling regarding subject matter jurisdiction in this instance must be reviewed by this court de novo. See Aravena v. Miami-Dade County, 928 So.2d 1163, 1166 (Fla.2006)(holding that where the trial court decides an "issue as a matter of law based on the undisputed facts," the standard of review is de novo).
It is undisputed that when the trial court dissolved the marriage in 2000, it had subject matter jurisdiction over the action: the former husband satisfied the residency requirements and constructive service was made upon the former wife by publication. See Montano v. Montano, 520 So.2d 52, 53 (Fla. 3d DCA 1988)(holding that "[w]here the former wife resided in Florida for six months prior to filing the petition for dissolution, and the Guatemalan husband was properly served by constructive notice, the trial court properly exercised in rem jurisdiction to dissolve the valid Guatemalan marriage").
While constructive notice was sufficient to dissolve the parties' marriage, personal jurisdiction is generally required before a court may lawfully order payment of alimony, child support, or costs. Montano, 520 So.2d at 53; see also Davis v. Dieujuste, 496 So.2d 806, 808 (Fla.1986)(recognizing the "divisible divorce" concept, with one aspect relating to marital status and the other aspect to the property rights and obligations of the parties). As explained in Davis,
The concept of "divisible divorce" as adopted in Pawley[3] recognizes that a dissolution proceeding has two separable aspects, that which relates to the marital res and that which relates to the property rights and obligations of the parties. While constructive service is sufficient for an adjudication of the former, personal jurisdiction is generally required for a determination of the latter.
Davis, 496 So.2d at 808.
Thus, the trial court in 2000 properly recognized that, while it had subject *493 matter jurisdiction over the marriage and could properly dissolve the marital relationship, it lacked personal jurisdiction over the former wife and, therefore, it could not resolve the property rights nor the obligations of the parties, such as child support and alimony. See Orbe v. Orbe, 651 So.2d 1295, 1297 (Fla. 5th DCA 1995)(holding that in such cases, the court can grant the dissolution of the marriage without addressing the property rights and obligations of the parties).
The issues before this court are (1) whether under the circumstances in this case, where a "divisible divorce" was granted without addressing the issue of child support, must the trial court retain jurisdiction over this matter in order to subsequently address it; and (2) whether the trial court divested itself of subject matter jurisdiction over the issue of child support based on its striking of paragraphs three and four of the Final Judgment.
Our review of the case law leads us to the conclusion that providing for the support of the minor children of the parties in a dissolution proceeding, where there is need therefor, is an essential component of the proceeding. Therefore, reservation of jurisdiction to address and adjudicate child support is not required. See Kirk v. Kirk, 230 So.2d 694 (Fla. 3d DCA 1970).
In Kirk, the parties' divorce decree was entered in October 1960, but the decree did not contain a provision regarding child support for the parties' two minor children. Approximately nine years later, the former wife filed a petition in the divorce action requesting that the former husband be ordered to pay child support. The trial court granted the wife's petition. In affirming the child support award, this court stated:
Providing for support of minor children of the parties to a divorce suit, where there is a need therefor, is an essential part of the suit or proceeding. This was not done in the present case at the time of the final hearing and decree. While the reservation of jurisdiction in the decree was not essential in order for the court to have jurisdiction thereafter to make orders necessary for the care and support of the children, in this case jurisdiction was expressly reserved in the decree in a form sufficient to authorize the court to so proceed later.
Id. at 696 (emphasis added).
We, however, need not determine whether reservation of jurisdiction was required, because in the instant case, the trial court expressly reserved jurisdiction by inserting paragraph two into its Final Judgment, which provides, "The Court shall retain jurisdiction of the parties hereto and the subject matter hereof." As the trial court expressly reserved jurisdiction over the parties and the subject matter of the dissolution proceedings, we find that the trial court did not divest itself of subject matter jurisdiction to determine issues relating to child support, custody, or visitation by striking through paragraphs three and four of the Final Judgment.
Although we conclude that the trial court does possess jurisdiction to award child support to the former wife, we reverse the child support award imposed by the trial court and remand for an evidentiary hearing because (1) the trial court's award was levied as a sanction against the former husband without affording the former husband due process; (2) the sole evidence relied upon in awarding and setting the amount of child support was unsworn hearsay; and (3) it was improper to grant retroactive child support to May 24, 2000, which is two years prior to the filing of the former wife's Supplemental *494 Petition seeking child support. Our conclusion that the child support award must be reversed and remanded for an evidentiary hearing is supported by the Department's proper confession of error regarding this issue.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Cruz v. Domenech, 905 So.2d 938 (Fla. 3d DCA 2005)(holding that the trial court's determination regarding whether the pleadings properly invoke the trial court's subject matter jurisdiction, is reviewed using the abuse of discretion standard).
[2] Birnbaum v. Birnbaum, 615 So.2d 241, 242 (Fla. 3d DCA 1993)("[T]he trial court did not abuse its discretion or authority in concluding it was vested with subject matter jurisdiction to proceed on the issue of custody.").
[3] Pawley v. Pawley, 46 So.2d 464 (Fla.), cert. denied, 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed. 632 (1950).