999 So.2d 663 (2008)
7550 BUILDING, INC., Appellant,
v.
ATLANTIC RACK & SHELVING, INC., Appellee.
No. 3D07-2151.
District Court of Appeal of Florida, Third District.
October 29, 2008.
Rehearing Denied February 5, 2009.
*664 Donald S. Rose, Miami, for appellant.
Robert Pelier; Billbrough & Marks and Geoffrey Marks and G. Bart Billbrough, Coral Gables, for appellee.
Before COPE, SUAREZ, and LAGOA, JJ.
LAGOA, J.
The appellant, 7550 Building, Inc., appeals from the trial court's order dismissing the action with prejudice and further releasing the funds held in both the court registry and the trust account of appellee's counsel. For the following reasons, we affirm the trial court's order.
First, no transcript was provided to this Court of the proceedings below, which led to the trial court's entry of the order at issue. "Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory." Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Absent a transcript, this Court may reverse the decision "only if an error of law appears on the face of the final judgment." Whelan v. Whelan, 736 So.2d 732, 733 (Fla. 4th DCA 1999). Because we find no error of law in the trial court's order, we affirm the trial court's order in its entirety. Additionally, under the totality of circumstances, we find no abuse of discretion and affirm the trial court's order in its entirety.
Affirmed.
SUAREZ, J., concurs.
COPE, J. (concurring in part and dissenting in part).
While there is no transcript or record substitute, see Fla. R.App. P. 9.200(a)(4), (b)(4), the trial court did enter an order setting forth the procedural history of the case.
I concur in affirming the order insofar as it dismisses the action and disburses the funds held in escrow. The dismissal with prejudice, however, was error and should be converted to a dismissal without prejudice. See Sekot Labs., Inc. v. Gleason, 585 So.2d 286 (Fla. 3d DCA 1991).