RAMIREZ, C.J.
 

 Brett Randall Cordell appeals an order denying exceptions to the report of the general magistrate in which the court affirmed the retroactive modification of child support in the underlying dissolution of marriage action. We reverse the judgment because there is no legal basis for an award retroactive to the date of the final judgment, rather than the date of the child support modification petition.
 

 Factual Background
 

 The parties married in Georgia on May 27, 1988, separated on August 13, 1990, and had one child born on September 18, 1990. The child is now an adult. On November 18, 1994, the wife, Beatriz E. Cordell, filed a Petition for Dissolution in Miami-Dade County alleging that the father’s, Brett Randall Cordell’s, residential whereabouts were unknown, but that he was employed at Ross Department Store in Portland, Oregon. The father filed a response on December 12, 1994. Despite that, the trial court entered a default against the father and set the matter on the uncontested divorce calendar. In its final judgment dated February 17, 1995, the trial court awarded the wife the sole parental responsibility and primary residential custody of the child and reserved on the issue of visitation until the father
 
 *648
 
 presented a proper request for such visitation. The court also ordered child support in the amount of $75 per month, stating that this was “the minimum amount of support based upon the probable earnings level of the Respondent; the amount will be subject to retroactive modification if it is found to be incorrect, as computed under the child support guidelines, at such time as the actual earnings of Respondent are established.”
 

 In July, 1997, the mother filed a motion to allow the child to travel to Colombia without the father’s authorization, along with the father’s written notarized consent. These proceedings made no mention of child support or arrearages.
 

 In 2004, the mother sought public assistance, prompting the Department of Revenue to institute child support proceedings on her behalf. These proceedings were dismissed due to the mother’s failure to cooperate with the Department of Revenue.
 

 In December, 2006, the mother commenced proceedings to enforce collection of child support and modify the obligation retroactively based on the father having graduated as an electrical engineer. She alleged that the father was in arrears in the amount of $10,575. The court referred the matter to a general magistrate.
 

 In his answer and counter petition, the father alleged that he paid child support of $75 until the mother moved without notifying him of her new address or new phone number; that he sent checks and letters to the mother which were returned; and that at no time during the previous eleven years did the mother attempt to contact him, despite that fact that during all that time, he had only resided at two separate addresses. The father also asserted the defenses of waiver and laches.
 

 After conducting evidentiary hearings, the general magistrate issued her recommendations, denying the defenses of waiver and laches, and finding the father in contempt, and concluding that the father’s failure to pay was willful because he had a $19,000 savings account. The magistrate recommended a sentence of ninety days in jail, with a purge amount of $8,800, which represented $75 per month from March, 1995 to August, 2007, less a $2,375 credit to the father for payments he had previously made. The magistrate also concluded that the father owed $110,506.44 in child support, retroactive to the date of the Final Judgment, February 17,1995.
 

 The magistrate then found that the mother was entitled to a retroactive modification of child support. The magistrate held that the father’s earnings were established for the first time during the proceedings to modify child support and determined the child support amount pursuant to the guidelines for the years 1995 through 2007 using the gross income of the parties during that time period.
 

 The father filed exceptions, arguing that the mother had failed to take any action whatsoever to bring child modification pri- or to December of 2006, the time during which she filed her petition to modify child support. He alleged that the mother could have sought modification at any time prior to 2007, including the child support proceeding instituted by the Office of Child Support Enforcement, or on the prior occasions when the mother had sought other relief from the court. He argued that the mother admitted that, in July of 1997, she filed a Motion for Clarification of Final Judgment, to which the father filed his response; that she had contacted the father in 1997 and that she did not seek to modify child support at that time.
 

 After a hearing on the father’s exceptions, the trial court entered its order in which it denied the father’s exceptions. That order forms the basis of this appeal.
 

 
 *649
 

 Analysis
 

 The standard of review that governs the issues in this appeal is one of abuse of discretion.
 
 See Canakaris v. Canakaris,
 
 382 So.2d 1197 (Fla.1980);
 
 Alois v. Alois,
 
 937 So.2d 171 (Fla. 4th DCA 2006). The trial court concluded had it had the authority to modify child support retroactive to the date of the final judgment, i.e., February 17, 1995. Evidently, this was based on the language of the final judgment that $75 per month child support would be subject to retroactive modification if the court found the amount to be incorrect. The mother has not cited to any cases which allow such a reservation in what was ostensibly a final judgment, but assuming that the trial court has authority basically to retain jurisdiction to modify its award retroactively should the amount be “found to be incorrect,” it was incumbent upon the mother to seek such a modification within a reasonable period of time. We hold that waiting over eleven years to prove that the amount was incorrect is an unreasonable period of time.
 

 Normally, a modification of child support is only retroactive to the date of filing of a petition seeking such relief.
 
 See Bardol v. Martin,
 
 763 So.2d 1119 (Fla. 4th DCA 1999) (“Regarding dissolution, courts generally have only awarded retroactive child support back to the date the petition for support or modification of existing support was filed.”);
 
 Waite v. Kennedy,
 
 724 So.2d 572 (Fla. 3d DCA 1998) (holding that trial court erred in granting retroactive child support prior to date of filing of counter-petition seeking that relief);
 
 Gherardi v. Gherardi,
 
 712 So.2d 1236, 1237 (Fla. 4th DCA 1998) (holding that an award for child support can be made retroactive only to the date of the filing of the petition for modification);
 
 Garrett v. Garrett,
 
 707 So.2d 382, 383 (Fla. 5th DCA 1998) (holding that a party is entitled to a retroactive child support increase only to the date a petition for modification is filed);
 
 Wertheim v. Wertheim,
 
 667 So.2d 331, 332 (Fla. 1st DCA 1995) (holding that retroactive modification is only proper to date of the petition for modification, and not to any time prior to that date);
 
 Anderson v. Anderson,
 
 609 So.2d 87, 88 (Fla. 1st DCA 1992) (holding that it was error to award child support retroactive to a date prior to a request for modification of an order which previously addressed child support);
 
 Berger v. Berger,
 
 559 So.2d 737, 738 (Fla. 5th DCA 1990) (remanding for trial court to adjust child support to reflect that it is retroactive to the date of filing the petition for modification).
 
 See also Owens v. Eshelman,
 
 712 So.2d 472, 473 (Fla. 1st DCA 1998) (holding that court could not enter child support award where it was not requested in petition for custody);
 
 Torres v. Torres,
 
 739 So.2d 599, 600 (Fla. 2d DCA 1997) (“It is settled that a trial court cannot modify a child support obligation absent a pleading or motion requesting such modification.”).
 

 We were recently confronted with a similar issue in
 
 Beroes v. Florida Department of Revenue,
 
 958 So.2d 489 (Fla. 3d DCA 2007), where the trial court entered its final judgment of dissolution of marriage in 2000.
 
 Id.
 
 at 491. The judgment included a provision in which the court retained jurisdiction over the parties and the subject matter.
 
 Id.
 
 The judgment also included two other provisions which the court subsequently struck in which the eourt had reserved jurisdiction over the issue of child support, custody, and visitation.
 
 Id.
 
 Two years later, the Department of Revenue filed a Supplemental Petition for Modification of Final Judgment on the mother’s behalf.
 
 Id.
 
 We concluded that the trial court had jurisdiction to award child support but held that it was improper to award retroactive child support modification which preceded the date of the filing of a petition for modification.
 
 Id.
 
 493-94.
 

 
 *650
 
 Here, the mother filed a Motion to Clarify Final Judgment of Dissolution of Marriage on July 8, 1997, seeking authorization for the child to travel to Colombia without the father’s authorization. The mother obtained the father’s written consent, which she filed with the motion, along with a “Custodial and Parental Rights Agreement.” Nowhere in those proceedings did the mother assert that the child support previously awarded was “incorrect.” Additionally, she aborted the efforts made on her behalf by the Department of Revenue to enforce even the amount ordered in the final judgment. More than eleven years lapsed between the date on which the court entered its final judgment and the filing of the mother’s motion for contempt during which the mother did nothing to collect any child support, let alone seek a modification. Thus, assuming the trial court could properly reserve jurisdiction in the final judgment to modify support retroactively, the mother waived her right to seek such a retroactive modification by waiting over eleven years.
 

 Conclusion
 

 We vacate the retroactive child support award of $110,506.44, and remand the cause for recalculation of the arrearage child support amount retroactive only to the date of the mother’s petition for modification. We note that the parties raised various arguments in this appeal independent of the retroactive child support issue, but we decline to address these. Therefore, we otherwise affirm the other conclusions contained in the final Report and Recommendations of the General Magistrate, and Order Denying Exceptions.
 

 Reversed in part, affirmed in part and remanded.