ROTHENBERG, J.
 

 The plaintiff, G & S Development Corp. (“G & S”), appeals an order granting a Motion to Enforce Settlement (“Motion to Enforce”) filed by defendant Jack Seitlin (“Seitlin”), finding that the Second Addendum to Vacant Land Contract (“Second Addendum”) is enforceable. We affirm.
 

 G & S filed an amended complaint against Jack Seitlin, as Trustee and Individually, and Pepper Family, LLC (“Pepper”), seeking specific performance of a real estate contract entered into by G & S (buyer) and Seitlin, as Trustee (seller). Pursuant to a Co-Tenants Agreement, Seitlin is named as Trustee of the real property that is the subject of the contract, and as Trustee, he was granted the right to control all decisions related to the sale of the real property, including the price and terms. Although Pepper is a beneficial owner under the Co-Tenants Agreement, the amended complaint provides that Pepper is named as a “nominal defendant” from which no damages are sought.
 

 As alleged in the amended complaint, the facts leading to the underlying lawsuit are as follows. In July 2002, Seitlin, as Trustee, leased real property to G & S. Pursuant to the lease agreement, G & S had a right of first refusal in the event that Seitlin received an offer to sell the proper
 
 *895
 
 ty. Upon receiving an offer from a third party, Seitlin offered G & S its right of first refusal. G & S submitted the Purchase and Sales Agreement to Seitlin with the same terms as offered by the third party, but Seitlin failed to honor the lease agreement’s right of first refusal.
 

 After years of litigation, the parties entered into settlement negotiations in an effort to complete the sale of the real property. As a result of the negotiations, Seitlin and Marshall Pepper, as Manager of Pepper, executed the Second Addendum in March 2008. On April 24, 2008, just prior to a scheduled hearing, Scott Han-non, as President of G & S, also executed the Second Addendum, and both Hannon and Seitlin initialed three handwritten revisions to the Second Addendum. When G & S failed to comply with the terms of the Second Addendum, Seitlin filed a Motion to Enforce. After hearing Seitlin’s Motion to Enforce, the trial court entered an order granting the motion, finding that the Second Addendum was enforceable. G
 
 &
 
 S’s appeal followed.
 

 We begin our analysis by noting that G & S has failed to present this Court with a transcript of the hearing below or with a stipulated or approved statement of the proceedings as permitted by Florida Rule of Appellate Procedure 9.200(b)(4). Without a record of the hearing, this Court cannot determine what issues were raised or argued by the parties during the hearing, and therefore, may reverse the decision “only if an error of law appears on the face” of the order under review.
 
 Whelan v. Whelan,
 
 736 So.2d 732, 733 (Fla. 4th DCA 1999);
 
 see also Chaiken v. Suchman,
 
 694 So.2d 115, 117 (Fla. 3d DCA 1997) (“Without a transcript, appellate courts cannot usually determine what issues were either raised or argued by the parties during a proceeding. As such, the lack of a transcript normally precludes appellate review.”);
 
 S. Fla. Apartment Ass’n v. Dansyear,
 
 347 So.2d 710, 711 (Fla. 3d DCA 1977) (finding that it is the responsibility of the appellant to provide a sufficient record for review, and that the failure to do so leaves the appellate court with no alternative but to assume that the trial court ruled correctly). Because no error of law appears on the face of the order under review, we are compelled to affirm the order of the trial court.
 

 Although meaningful appellate review is not possible due to the lack of a transcript, we briefly address an issue raised by G & S in this appeal.
 
 [1]
 
 G
 
 &
 
 S contends that the trial court erred by enforcing the Second Addendum because Marshall Pepper did not initial the three handwritten revisions or otherwise indicate acceptance of the revisions. We disagree.
 

 “The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement.”
 
 Spiegel v. H. Allen Holmes, Inc.,
 
 834 So.2d 295, 297 (Fla. 4th DCA 2002). Thus, Seitlin, as the party seeking to enforce the Second Addendum, had the burden of establishing that the opposing party assented to the terms of the Second Addendum.
 

 The record before the lower tribunal and this Court demonstrates that both G <& S and Seitlin, by executing the Second Addendum and initialing the three handwritten revisions, assented to the terms of the Second Addendum. Marshall Pepper’s failure to initial the revisions does not render the Second Addendum unenforceable. First, we note that Pepper did not file an opposition to the Motion to Enforce, and on appeal, Seitlin’s and Pepper’s positions are aligned. Second, and more im
 
 *896
 
 portantly, G & S’s argument, that Marshall Pepper’s failure to initial the revisions renders the Second Addendum unenforceable, is inconsistent with the allegations set forth in G & S’s amended complaint. G & S’s amended complaint provides that Pepper is a “nominal defendant” and that the Co-Tenants Agreement “acknowledges that Seitlin would serve as ‘Trustee’ of the Property with specific powers including the control and decision to sell the Property and to determine the terms of any such sale.” A review of the Co-Tenants Agreement confirms this allegation. Therefore, under the Co-Tenants Agreement, Seitlin, as Trustee, possessed the authority to consent to the sale of the real property, and Pepper was not required to approve the sale or the accompanying conditions of the sale. Although the record demonstrates that Pepper assented to the sale, Pepper’s assent was not required. Thus, even if we could confirm that this argument was raised and argued below, we would conclude that it lacks merit.
 

 Affirmed.
 

 [1]
 

 . As stated earlier, we cannot determine whether this argument was raised below.