SCALES, J.
We affirm the trial court’s September 26, 2013, Interim Temporary Order, which placed the minor child “in the father’s custody pending the mother’s relocation to Dade County.” See Zarate v. Deutsche Bank Nat’l Trust Co., 81 So.3d 556, 557 (Fla. 3d DCA 2012) (holding it is the appellant’s burden to present a record to overcome the presumption of correctness of the trial court’s findings); 7550 Bldg., Inc. v. Atl. Rack & Shelving, Inc., 999 So.2d 663, 664 (Fla. 3d DCA 2008) (holding the appellant’s failure to provide a transcript of the proceedings was fatal to its claims because “[w]ithout a record of the trial proceedings, the appellate court can not [sic] properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory”) (quoting Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)).
After giving the parties, their counsel, and the guardian ad litem proper notice, the trial court shall, as soon as practicable, conduct a hearing to determine if the reasons for the Interim Temporary Order have been resolved. In the event the Interim Temporary Order is extended, the trial court shall make specific findings of fact supporting the extension.