# Third District Court of Appeal

## State of Florida

Opinion filed June 22, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1794
Lower Tribunal No. 06-2610
_____

**Celso Alvarado,**
Appellant,

vs.

**Department of Revenue o/b/o Marisol Alvarado,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Dana A. Esposito, for appellant.

Pamela Jo Bondi, Attorney General, and William H. Branch (Tallahassee), Assistant Attorney General, for appellee.

Before WELLS, EMAS and SCALES, JJ.

EMAS, J.

We affirm the order on appeal. We agree with Appellee that the terms of the Marital Settlement Agreement established an unallocated lump sum to be paid by Appellant as child support for the parties' four children.[1] Given the language of the Marital Settlement Agreement, there was no automatic reduction or step-down amount upon emancipation of any one of the parties' four children. Accordingly, Appellant was required to file a petition for modification of his child support obligation. See State, Dept. of Rev. ex rel. Ortega v. Ortega, 948 So. 2d 855 (Fla. 3d DCA 2007) (holding that a parent paying unallocated child support must petition the court to reduce the amount when one child reaches majority age); Hammond v. Hammond, 492 So. 2d 837 (Fla. 5th DCA 1986) (same).

We further hold that the trial court did not err in its order modifying Appellant's child support obligation retroactively to the date of the filing of the petition for modification, rather than to a date prior to the filing of the petition, as sought by Appellant. See Cordell v. Cordell, 30 So. 3d 647, 649 (Fla. 3d DCA 2010) and cases cited (holding that, as a general rule, a modification of child

---

[1] Appellant's reliance upon a "Divorce Agreement," executed prior to the initiation of the original dissolution action and prior to execution of the Martial Settlement Agreement, is unavailing. The Marital Settlement Agreement expressly provided that it "supercedes any and all prior agreements between parties," "represents a complete resolution of all matters in dispute," and that "neither party has made any representations, promises or warranties to the other except as set forth in this [Marital Settlement] Agreement." Neither the Marital Settlement Agreement nor the final judgment of dissolution made any reference to or incorporated the Divorce Agreement.

2

support is retroactive only to the date of the filing of a petition for modification).[2]

There is no record support for Appellant's assertion that the Marital Settlement Agreement required the court to modify the support obligation retroactively to any earlier date.

Affirmed.

---

[2] To the extent that the trial court was required to make factual or credibility determinations, Appellant has failed to provide a transcript of the relevant proceedings below or an acceptable substitute, and has otherwise failed to meet his burden of providing a sufficient record for appellate review of the claimed error. See Fla. R. App. P. 9.220(e); 7550 Bldg., Inc. v. Atlantic Rack & Shelving, 999 So. 2d 663 (Fla. 3d DCA 2008). The trial court's order comes to us clothed with a presumption of correctness, and Appellant has failed to overcome this presumption or establish any error of law apparent on the face of the final judgment. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979); G & S Dev. Corp. v. Seitlin, 47 So. 3d 893 (Fla. 3d DCA 2010); Compton v. Compton, 701 So. 2d 110 (Fla. 5th DCA 1997).