IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MEHRDAD GOLCHIN,

        Appellant,

 v.                              Case No.  5D17-1645

MASOUMEH FARZANEH,

        Appellee.

_____/

Opinion filed December 1, 2017

Appeal from the Circuit Court
for Brevard County,
George Paulk, Judge.

Harley Gutin, Cocoa, for Appellant.

Masoumeh Farzaneh, Melbourne, pro se.


EDWARDS, J.

      Mehrdad Golchin ("Former Husband") appeals the trial court's order that overruled his exceptions and adopted the report and recommendation of the general magistrate ordering him to pay retroactive child support. The trial court erred by granting retroactive child support, which included a period of time before Masoumeh Farzaneh ("Former Wife") filed her motion seeking child support. We reverse and remand for entry of a corrected order.

In February 2016, the trial court entered a stipulated final judgment, which stated that Former Husband transferred his interest in the marital home to Former Wife to be applied in part to child support and related obligations on behalf of their only child. The parties specifically waived all prior claims for child support arrearages or retroactive relief. The final judgment did not award child support to either party, but provided that either party could seek child support in the future by filing a motion even if there was no substantial change in circumstances. In October 2016, Former Wife filed her motion seeking an award of child support based on the facts that Former Husband had returned to Brevard County from an extended stay in Iran and he was now employed locally as a car salesman.

Following a hearing in December 2016, the magistrate issued a report and recommendation requiring Former Husband to pay child support prospectively at the rate of $832 per month to Former Wife, commencing January 2017. The report and recommendation also provided that Former Husband owed child support retroactive to the date of the February 2016 stipulated final judgment; the magistrate calculated the arrearage to be $9152. The magistrate credited Former Husband $500 for a voluntary child support payment he made in November 2016 and required Former Husband to make monthly payments of $166.40 until he paid off the remaining balance of the retroactive child support.

Former Husband timely filed written exceptions to the magistrate's report and recommendation regarding awarding retroactive child support for any period of time prior to when Former Wife filed her motion seeking child support. The trial court overruled

Former Husband's exceptions, denied his motion for rehearing, and adopted the magistrate's report and recommendation as its order.

The trial court erred by ordering Former Husband to pay retroactive child support for any period prior to the date Former Wife filed her motion for child support. *See Berger v. Berger*, 559 So. 2d 737, 738 (Fla. 5th DCA 1990) (reversing the trial court's order "[p]egging the retroactive support" to a date "27 months prior to the date the petition seeking child support was filed"); *Fayson v. Fayson*, 482 So. 2d 523, 525 (Fla. 5th DCA 1986) (trial court can only modify support payments prospectively from the date a petition for modification is filed); *see also Beroes v. Fla. Dep't of Rev. ex rel. Palacios*, 958 So. 2d 489, 493-94 (Fla. 3d DCA 2007) (finding that "it was improper to grant retroactive child support to May 24, 2000, which is two years prior to the filing of the former wife's Supplemental Petition seeking child support"). Accordingly, we reverse and remand with instructions for the trial court to enter an amended order that corrects the arrearage amount by using October 26, 2016, the date Former Wife filed her motion for child support, as the commencement date for retroactive child support.

REVERSED AND REMANDED WITH INSTRUCTIONS.

COHEN, C.J. and TORPY, J., concur.