# Third District Court of Appeal

## State of Florida

Opinion filed March 3, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-865
Lower Tribunal No. 20-3512

————————

**Devon A. Brown,**
Appellant,

vs.

**Miami-Dade County, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Devon A. Brown, in proper person.

Ashley Moody, Attorney General, and Christopher H. Baisden (Tallahassee), Assistant Attorney General; Abigail Price-Williams, Miami-Dade County Attorney, and Sabrina Levin, Assistant County Attorney, for appellees.

Before EMAS, C.J., and HENDON and LOBREE, JJ.

PER CURIAM.

Devon Brown appeals two orders dismissing Brown's complaint with prejudice, and a third order that declares Brown a vexatious litigant under section 68.093, Florida Statutes (2020). Upon our de novo review, we conclude, without further discussion, that Brown has failed to demonstrate any error in the trial court's orders dismissing his complaint with prejudice, and write further only to address Brown's remaining claim that the trial court erred in declaring him a vexatious litigant.

We begin by noting that Brown failed to provide this court with a transcript of the hearing that resulted in the order on appeal. We have no record of what evidence was presented, or what arguments were made, at that hearing. Without a transcript, this court cannot provide meaningful appellate review of Brown's claims alleging error in the trial court's factual determinations or in the trial court's exercise of its discretion. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (holding: "When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the

trial judge so misconceived the law as to require reversal.")  See also Alvarado v. Dep't of Revenue ex rel. Alvarado, 194 So. 3d 544, 545 (Fla. 3d DCA 2016).

In light of this, our review is limited to determining whether there is error apparent on the face of the order declaring Brown a vexatious litigant.  See G&S Dev. Corp. v. Seitlin, 47 So. 3d 893, 895 (Fla. 3d DCA 2010); Whelan v. Whelan, 736 So. 2d 732 (Fla. 4th DCA 1999).  Brown has failed to establish the existence of any such error.  We find the trial court complied with the requirements of section 68.093, and reject Brown's claim that the statute violates his right to access to the courts as guaranteed by the Florida Constitution.

While the Florida Constitution does indeed provide a right of access to the courts, see Art. I, § 21. Fla. Const. (providing: "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay"), this right is not without limitation.  A litigant's right to access may be properly restricted if the litigant is abusing the legal process.  State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999) (noting that "any citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the

3

consideration of legitimate claims"); <u>Jimenez v. State</u>, 196 So. 3d 499 (Fla. 3d DCA 2016); <u>McGrath v. Caron</u>, 8 So. 3d 1253 (Fla. 4th DCA 2009). Florida courts "have, when deemed necessary, exercised the inherent judicial authority to sanction an abusive litigant." <u>Sibley v. Florida Judicial Qualifications Comm'n</u>, 973 So. 2d 425, 426 (Fla. 2006) (collecting cases). Indeed, the very law challenged by Brown was enacted by the Florida Legislature to address such abusive pro se litigants. Florida law defines a "vexatious litigant" as:

> A person . . . who, in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state, except an action governed by the Florida Small Claims Rules, which actions have been finally and adversely determined against such person or entity.

§ 68.093(2)(d)1., Fla. Stat. (2019).[1]

Should a court determine a person is a vexatious litigant, that court may

> on its own motion or on the motion of any party, enter a prefiling order prohibiting a vexatious litigant from commencing, pro se, any new action in the courts of that circuit without first obtaining leave of the administrative judge of that circuit. Disobedience of such an order may be punished as contempt of court by the administrative judge of that circuit. Leave of court shall be granted by the administrative judge only upon a showing that the proposed action is meritorious and is not being filed for the purpose of delay or harassment. The administrative judge may

---

[1] This law is known as the "Florida Vexatious Litigant Law."

condition the filing of the proposed action upon the furnishing of security as provided in this section.

§ 68.093(4), Fla. Stat. (2019).

This statute has been upheld against constitutional challenges such as those raised here by Brown.  See, e.g., Smith v. Fisher, 965 So. 2d 205 (Fla. 4th DCA 2007).  We agree with the analysis of our sister court in Smith which, in upholding the constitutionality of the Vexatious Litigant Law, concluded it was narrowly tailored to serve the state's compelling interest in preventing vexatious litigants from interfering with the court system's proper administration of justice.  Id. at 209-10.

Further, a review of the County's motion, seeking the court to declare Brown a vexatious litigant, properly set forth the "five or more civil actions" which had been "commenced, prosecuted or maintained pro se" by Brown "over the immediately preceding 5-year period," see section 68.093(2)(d)1., and the exhibits attached to the motion established that each of those actions "have been finally and adversely determined against" Brown.[2]  Id.

---

[2] Indeed, the County's motion contained a recitation of at least seven civil actions commenced, prosecuted or maintained pro se by Brown in the Florida circuit courts, including five in the Eleventh Judicial Circuit of Florida and two in the Seventeenth Judicial Circuit of Florida.  And while the Vexatious Litigant Law is limited to civil actions in Florida State courts, the motion noted that Brown has maintained at least eight civil actions in the United States District Court for the Southern District of Florida, where he has

The motion and attached exhibits satisfied the statutory requisites for a declaration under the Vexatious Litigant Law, and the trial court's order properly deemed Brown to be a vexatious litigant. Brown has failed to establish any error in the trial court's order prohibiting Brown "from any further pro se filings in any court of the 11th Judicial Circuit in and for Miami-Dade County, without first obtaining leave of the Administrative Judge and the furnishing of security." We therefore affirm the trial court's orders in all respects.

Affirmed.

---

been prohibited from proceeding pro se, except under expressly limited circumstances.