# Third District Court of Appeal

## State of Florida

Opinion filed May 21, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-73
Lower Tribunal No. 24-209149-SP-05
_____

**Precious Knight,**
Appellant,

vs.

**Jean Louis Jersom,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Miesha S. Darrough, Judge.

Precious Knight, in proper person.

No appearance, for appellee.

Before GORDO, LOBREE and GOODEN, JJ.

PER CURIAM.

Precious Knight appeals an order dismissing her small claims fraud

complaint as moot, reflecting that Knight had returned the motor vehicle at issue in the case and appellee Jean Louis Jersom provided Knight with a cashier's check for the purchase price and shipping of the vehicle. On appeal, Knight does not identify any alleged error by the trial court, but seeks further recovery from appellee for funds she spent on parts and repairs on the vehicle. Upon our de novo review, we conclude that Knight has failed to demonstrate any error in the trial court's order dismissing her complaint.

Knight failed to provide this court with a transcript of the hearing that resulted in the order on appeal. See Fla. R. App. P. 9.200(e) ("The burden to ensure that the record is prepared and transmitted in accordance with these rules will be on the petitioner or the appellant."). We have no record of what evidence was presented, or what arguments were made, at that hearing. Without a transcript, this court cannot provide meaningful appellate review of Knight's claims imputing error in the trial court's factual determinations or in the trial court's exercise of its discretion. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (holding: "When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not

2

supported by the evidence or by an alternative theory.  Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); see also Alvarado v. Dep't of Revenue ex rel. Alvarado, 194 So. 3d 544, 545 n.2 (Fla. 3d DCA 2016).

Affirmed.