# Third District Court of Appeal

## State of Florida

Opinion filed April 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2235
Lower Tribunal No. 23-13016-CC-05
_____


**Jeffrey Grossfeld,**
Appellant,

vs.

**CV Funding, LLC,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Diana Gonzalez-Whyte, Judge.

Twig, Trade, & Tribunal, PLLC and Morgan Weinstein (Fort Lauderdale), for appellant.

Yormack Law, P.A., and Adam J. Yormack, for appellee.


Before LINDSEY, GORDO, and BOKOR, JJ.

LINDSEY, J.

Appellant, Jeffrey Grossfeld ("Tenant"), appeals a final order enforcing a settlement agreement pursuant to the plain language of the agreement and entering final judgment for Appellee, CV Funding, LLC ("Landlord").[1] The Final Order was entered following a special set hearing. For the reasons set forth below, we affirm.

Tenant argues issues of fact were present at the hearing on whether the settlement agreement was breached and whether waiver occurred. Thus, Tenant contends the trial court erred in entering the Final Order without evidentiary hearing on those questions. But Tenant did not provide a transcript of the hearing that the Final Order relies on. Absent a transcript of the hearing, we may reverse the decision only if an error of law appears on the face of the Final Order. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."); see also 7550 Bldg., Inc. v. Atl. Rack & Shelving, Inc., 999 So. 2d 663, 664 (Fla. 3d DCA 2008) (citation omitted) ("Absent a transcript, this Court may reverse the decision 'only if an error of law appears on the face of the final judgment.'").

---

[1] We have jurisdiction. See Fla. R. App. P. 9.110.

2

We find no error on the face of the Final Order. We have held evidentiary hearings are required for enforcement when there is a dispute over the existence, validity, or terms of a settlement agreement. See, e.g., Com. Cap. Res., LLC v. Giovannetti, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007) (reversing order to enforce without evidentiary hearing where "the terms thereof are susceptible to more than one reasonable interpretation, thereby rendering the settlement agreement ambiguous"). But there is no dispute here as to the existence, validity, or terms of the settlement agreement that can be gleaned from the face of the Final Order. Nor does Tenant dispute same in his initial brief. Van Lent v. Everglades Found., Inc., 400 So. 3d 64, 74 n.9 (Fla. 3d DCA 2024) ("[I]ssues not raised in the initial brief are considered waived or abandoned.").

On the other hand, when there is no dispute over the existence of a settlement agreement, as here, and its terms are clear and unambiguous, we have affirmed enforcement without evidentiary hearings. See, e.g., Steven Enters. Grp. Inc. v. Diversified Aero Inventory I, LLC, 326 So. 3d 128, 128–30 (Fla. 3d DCA 2021) (affirming order to enforce without evidentiary hearing where the terms of the agreement were unambiguous and "trial court merely enforced the agreed terms of the settlement agreement's

enforcement provision"). That is precisely the case here.[2] Indeed, our ruling in <u>Steven Enterprises</u> applies with more force here because the plain terms of the settlement agreement provide that Landlord may avail itself of enforcement of the settlement agreement without hearing upon a breach:

> DEFAULT: If Grossfeld breaches this agreement, then CV may avail itself of the remedies stated herein . . . *without hearing.* Further, upon any breach. Grossfeld waives any right, tittle, and/or claim of any nature, or interest of any kind, in or against the Property, and Grossfeld waives any right to contest CV's fee simple ownership, free and clear of all claims to the Property.

(emphasis added).

---

[2] The Final Order provides:

> But for Grossfeld's clear and unequivocal breach of the January 25, 2024 Settlement Agreement, as evidenced by his and his spouse and family's failure to vacate the Property by March 31, 2024, *as required by the express terms of the January 25, 2024 Settlement Agreement*, the Plaintiff would not have had to petition this Honorable Court for relief in the displacement and removal of Grossfeld and his spouse and family from the Property by operation of law and the execution of an Alias Writ of Possession [Docket Index# 52] enforced by the Miami-Dade Police Department.

(emphasis added).

Accordingly, we find no error of law on the face of the Final Order and we are constrained to affirm.

Affirmed.